[No. 915. Decided December 30, 1893.]

H. FRAZER, *Respondent*, v. DREW MILLER, *Defendant*, AND A. J. MILLER, *Appellant*.

APPLICATION OF PAYMENTS — EVIDENCE — INSTRUCTIONS.

In an action against co-partners, after the dissolution of partnership, to recover upon an account for services, where the evidence has shown that the business was continued by one of the partners, who assumed the firm indebtedness, and that the plaintiff had continued in the service thereafter, receiving payments of money from time to time, evidence is admissible that plaintiff had instituted a suit, which was afterwards dismissed, upon a balance of account against the partner continuing the business alone, for the purpose

of showing that the plaintiff had made application of the payments to the partnership account.

Where the record shows that the papers in such former suit were offered in evidence for the purpose of showing plaintiff's application of the payments made, and were excluded by the court on the ground that they were immaterial and irrelevant, there is sufficient testimony in the record for the court to take cognizance of the error alleged in rejecting such testimony. (DUNBAR, C. J., and ANDERS, J., dissent.)

In such case, where the theory of the retiring partner is that the plaintiff took from the partner continuing the business a due bill whereby he accepted the latter as his debtor for the demand, it is not error for the court to instruct the jury that "if a creditor takes a due bill, or anything of the kind, and agrees to release any other claim and looks to such due bill, he is bound by it and must stand to it."

Upon the question of the application of payments it is not error for the court to charge the jury: "You are instructed that the law applicable to this proposition is that, if there be debts due from a person and he pays money to his creditor, the debtor has a right to have the payment applied to which debt he pleases. But he must make the application at the time he makes the payment, and he cannot make it afterward. If no specific application be made by the debtor at the time of payment, then this right of application is the creditor's, and he may make it as he may prefer, and at any time before an account is settled between them or before action is brought; and, if neither creditor or debtor applies it specially, then the law will apply or credit it to the oldest account."

*Appeal from Superior Court, Pierce County.*

*W. W. Likens*, and *Ira A. Town*, for appellant.

*Heilig & Hartman*, for respondent.

The opinion of the court was delivered by

SCOTT, J.— The defendants, from July 1, 1889, to March 6, 1890, were engaged in conducting a livery stable business under the firm name of Miller & Son. The plaintiff worked for them during this time, and earned $490. At the latter date A. J. Miller sold out his interest in said business to his son Drew Miller, who assumed the debts of

the firm, and Frazer continued to work for the son from
March 6 till August 31, 1890, and earned $352.

The son was treasurer and bookkeeper for the co-part-
nership during its existence, and made all payments of
wages, and he paid plaintiff various sums of money during
said time, amounting to $193, and after the dissolution of
said firm he made payments to him, amounting to $399.
No receipts were given therefor.

If the total of these payments, $592, be applied to the
partnership debt, it overpaid Frazer's claim against the
firm by $102. If the payments made by Drew Miller,
after the dissolution of the firm, be applied to the wages
earned by plaintiff while working for him individually,
then this individual debt would be satisfied and a balance
of $47, together with the $193 paid during the existence of
the co-partnership, be applied to the firm indebtedness to
the plaintiff, a balance of $250 is left, and for this amount
he sues, with interest from March 6, 1890, the date of dis-
solution.

The case was tried by a jury, who brought in a verdict
for the plaintiff, and the defendant, A. J. Miller, appealed.
Most of the facts in the case are undisputed. All the pay-
ments in question were made after the dissolution of the
firm, without any application thereof by the debtor. It is
contended that the plaintiff applied sufficient of the pay-
ments upon the partnership account to satisfy the same,
and it is also contended that, if no application of said pay-
ments was made by the plaintiff at the time he received
them, he had no right to apply the same thereafter in sat-
isfaction of the individual indebtedness, and that the law
would apply them to the older claim.

The authorities cited by the appellant upon this last
proposition are not directly in point, many of them apply-
ing to a case of continuing account between the same par-
ties, and in such a case the law would apply the payments

to the older claims.    Plaintiff contends that he applied the
payments made subsequent to the dissolution of the co-
partnership, at the time they were received, upon the in-
dividual indebtedness.    The testimony is not very clear as
to this, however, but it does appear therefrom that he
asked Drew Miller to settle up the old account at one of
said times, and that he said he would wait and see his
father about it.

There is testimony to show that when the plaintiff quit
working for Drew Miller he asked him to make out a bill
to show him what was coming to him, and that said Miller,
instead of making out an itemized bill, gave him a state-
ment of the balance, which is as follows:

"Due Harry Frazer ($300) three hundred dollars for
labor.                              DREW MILLER."

It is further contended that the plaintiff subsequently
brought suit against Drew Miller for the whole of said
claim, but that he afterwards discontinued it and brought
the present action.

Appellant alleges the following errors:

*First:* That the court erred in sustaining plaintiff's ob-
jection to the defendant's offer in evidence of the papers
and files in said former action.    It is contended by the re-
spondent that this question cannot be considered, because
said papers were not made a part of the statement of facts,
and not being here it would be impossible to say whether
they were properly excluded.    The record in relation to
this matter is as follows:

"*Q*. Look at this paper, if you please, and I will ask
you if a paper of that description was served upon you,
which is the summons in the case 4573 in this court.    *A*.
Yes, sir; a paper of this description was served on me.

"*Q*. Turn it over and see if you can tell about the date.

"*Mr. Heilig:* We will admit that such a suit has been
brought and dismissed.

"*Q*. Is the claim for which this action No. 4573 was

brought the same claim for which this due bill was executed by you on the 31st of August, 1890? (Objected to as immaterial and irrelevant.)

"*Court:* Let that go in; simply make the records show that the offer is to show that. (Objection sustained and exception allowed.)

"*Col. Likens:* We offer to show by the witness that the obligation or the demand sued upon in the case No. 4573 entitled H. Frazer against Drew Miller in this court is the same demand for which this due bill now offered in evidence as the defendant's exhibit A was given. (Objected to on the ground that the plaintiff is not suing on the due bill; it is irrelevant and immaterial. Objection sustained and exception allowed.)

"*Col. Likens:* We now offer the papers in the case No. 4573, entitled H. Frazer against Drew Miller for the purpose of showing the application of the payments as made by the plaintiff himself, that were made after the 5th day of March, 1890. (Objected to as immaterial and irrelevant. Objection sustained and exception allowed.)"

No authorities were cited by either party, and the only case we have found upon the subject is *Williams v. State*, 127 Ind. 471 (26 N. E. Rep. 1082), where it is held that documents offered in evidence and excluded must be made a part of the record to raise the question on appeal, and there is no doubt but that this should be the general rule. But we are of the opinion that there may be exceptions thereto. The only object of the record is to clearly show the question which was presented. A question may be raised, with the consent of the court at least, by an offer to prove (Hayne, New Trial and Appeal, § 110); and in this case it fully appears that counsel for appellant sought to prove that respondent had previously brought suit against Drew Miller individually upon the demand sued upon in this action, and said counsel offered the record in said action for the purpose of showing the application by the plaintiff of the payments in question in this case. It was objected to as immaterial and irrelevant. No question was

raised over the competency or genuineness of the record or papers offered for that purpose, and we think it fully appears that they were excluded for the reason that the court deemed the proof immaterial, and that it was understood to be upon that ground by the court and the parties.

The statement of facts appears to have been regularly settled and the court certifies that it contains all the material facts. The respondent did not ask to have these papers included, and while it was not his duty to do so, to have the case properly presented upon the part of appellant, yet under the circumstances here, if he desired to show any different state of facts in this particular than was presented by the record as it stood, and if he had a right to present any other reason for the exclusion of such proof than was included in the objections raised, he should have asked that the papers be incorporated.

We are of the opinion that the proof offered was material and relevant, although we are not prepared to say that an application of payments thus shown could not be explained by the plaintiff and shown to have been made under a mistake or misapprehension, or that it should be taken as conclusive against him.

The second and third errors complained of are with reference to two instructions given by the court to the jury. The first is as follows:

"But if a creditor takes a due bill, or anything of the kind, and agrees to release any other claim and looks to such due bill— if he makes that contract, of course he is bound by it and must stand to it."

Appellant claims that this was error because there was no question of release in the case; that it was simply a case of applying the payments or credits on the accounts. We do not think this contention is borne out by the record, as it sufficiently appears therefrom that there was a contention that the plaintiff, by taking the statement in ques-

tion, which the appellant terms a due bill, had accepted the defendant, Drew Miller, as his debtor for the demand, and that the effect of it was to release appellant; and under this theory of the case the instruction was proper.

The next instruction complained of is as follows:

"You are instructed that the law applicable to this proposition is, that if there be debts due from a person and he pays money to his creditor, the debtor has a right to have the payment applied to which debt he pleases. But he must make the application at the time he makes the payment, and he cannot make it afterward. If no specific application be made by the debtor at the time of payment, then this right of application is the creditor's, and he may make it as he may prefer, and at any time before an account is settled between them or before action is brought, and if neither creditor or debtor applies it specially, then the law will apply or credit it to the oldest account."

This instruction we think properly states the law of the case as to the application of payments by the creditor — and that is the only question raised with relation to it — at least in the absence of any request by the debtor after payment to make an earlier application. The creditor was not bound immediately on receipt of such payments to apply them on a particular claim. *Mayor v. Patten*, 4 Cranch, 317; 18 Am. & Eng. Ency. of Law, pp. 241, 242, and cases cited.

The further errors claimed are on the ground that the court should have granted the defendants' motion for a new trial, but the points raised are disposed of in what has previously been said, with the exception that it is contended that the evidence was insufficient to justify the verdict. This ground is not tenable, as evidence was introduced sufficient to support plaintiff's case, if true.

For the error aforesaid, in not admitting the proof offered, the judgment is reversed.

HOYT and STILES, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I am unable to agree with the majority in the reversal of this case.   I think where an appellant asks this court to reverse a judgment for error in rejecting testimony, that the testimony should be brought here for the inspection of this court.   It is true that the attorney stated that the paper rejected was offered to prove a certain thing; but the attorney may have been mistaken as to the legal effect of the proof, if it had been admitted. The trial judge may have inspected the paper and found it immaterial evidence from something that appeared on the face of the paper.   The particular ground on which it was rejected does not appear in the record, and, without this court has an opportunity to inspect it, it must rely on the judgment of the party offering it, and conclude without an inspection of it that its legal effect, if admitted, would be to prove a certain thing, thus determining without an investigation the very question at issue.

ANDERS, J.—I concur in the above opinion of the chief justice.