[No. 4829.   Decided December 12, 1903.]

## W. A. KELSO *et al., Respondents,* v. RUSSELL & Co., *Appellant,* and J. P. LONG, *Defendant.*[1]

PAYMENTS—APPLICATION—NOTES TO SECURE FUTURE ADVANCES— OPEN ACCOUNT. Where notes and mortgages were given in part to secure payment for future advances of merchandise from the mortgagee to the mortgagor, between whom there was an open book account before and after the notes were given, payments may be applied by the creditor to the open account, in the absence of directions by the mortgagor; and a subsequent mortgagee can not object to such application where it appears that the amount of the notes had been advanced, and no part paid, and that all credits had been given to the open account, which was not part of the notes.

MORTGAGES—PRIORITY. Where plaintiff held two notes for $1000 each, one secured by mortgage upon real and personal property, and the other secured by a chattel mortgage upon entirely different property, and subsequently the debtor secures five notes to R by a mortgage upon real estate and also by chattel mortgages upon part of the personal property described in plaintiff's mortgages, R's real estate mortgage is subject to only one of plaintiff's notes, and a finding that it is subject to both of them is error.

[1] Reported in 74 Pac. 561.

SAME,—FORECLOSURE—DECREE—PRIORITY—SEPARATE SALES. In a single action brought to foreclose both of plaintiff's mortgages in which R defends, the decree should provide for the separate sale of the real and personal property covered by the first of plaintiff's mortgages to satisfy the same, applying the balance of the proceeds upon R's mortgage; and the same as to the other of plaintiff's mortgages.

A'ppeal from a judgment of the superior court for Yakima county, Rudkin, J., entered April 7, 1903, upon the findings and decision of the court in favor of the plaintiff, decreeing the priority and foreclosure of plaintiff's mortgages. Reversed.

*Crow & Williams,* for appellant.

*Whitson & Parker,* for respondents.

MOUNT, J.—This was an action to foreclose three mortgages upon certain real estate and personal property. Three causes of action were set up separately in the complaint, one upon each mortgage. Defendant Long defaulted. Defendant Russell & Co., a corporation, appeared and contested the amount of plaintiffs' claim, and alleged a prior mortgage on the property described in the complaint. A decree was entered in favor of the plaintiffs. Defendant Russell & Co. appeals.

The facts appearing in the record are substantially as follows: On April 12, 1899, defendant J. P. Long made, executed, and delivered to plaintiffs, Kelso Bros., a mortgage upon the southeast quarter of sec. 10, tp. 8, N., R. 27 E., W. M., and also upon certain described personal property, to secure the payment of a note dated April 8, 1899, for $1,000, with interest at ten per cent per annum. This mortgage provided for an attorney's fee of $50 in case of foreclosure. On the 6th day of December, 1899, defendant Long made, executed, and delivered to plaintiffs, Kelso Bros., another promissory note for $1,000, with interest at

ten per cent, and, to secure the payment of this note, executed and delivered a chattel mortgage upon certain described personal property. This property was different from the property described in the first mortgage above mentioned. This mortgage provided for $20 attorney's fees in case of foreclosure.

On the 26th day of July, 1900, the defendant Long made, executed, and delivered to defendant Russell & Co. five promissory notes aggregating $2,245, with interest at ten per cent, and, to secure the payment of these notes, executed and delivered a mortgage upon the real estate described in the first mortgage to Kelso Bros. This mortgage provided for $200 attorney's fees in case of foreclosure. On the same date, to further secure the payment of the money described in the said five notes, defendant Long executed and delivered to Russell & Co. a chattel mortgage covering a part of the personal property described in each of the two mortgages given to Kelso Bros., above described. This chattel mortgage also contained other personal property.

Upon the trial of the case no proof was offered as to the execution of the third mortgage alleged in the complaint, which was a mortgage given by defendant Long to Kelso Bros., dated May 1, 1901, for $2,237.50, being a part of the indebtedness described in the first two notes and mortgages above named, and other indebtedness. This amount of money was secured by a crop mortgage for the year 1901. At the conclusion of the trial the court made findings of fact, and entered the following decree:

"It is considered and decreed, that the plaintiff do have and recover of and from the defendant J. P. Long, the sum of $2,581.82, with interest from the date hereof at the rate of ten per cent per annum, and the further sum of $150 attorney's fees, together with the costs of this action to be taxed; that said amounts are a lien upon the

property in the findings of fact described, by virtue of
the two mortgages therein mentioned; that said mortgages
be and the same are hereby foreclosed; that said property,
except said crops of wheat, be sold by the sheriff of Yakima
county, Washington, according to law and the practice
of this court; and that the proceeds of said property
be applied to the satisfaction of this judgment; and, if
any deficiency remain after the application of the pro-
ceeds of said sale, that the plaintiff may have execution
therefor; that the defendants and each of them be and are
hereby barred and foreclosed of all equity of redemption
in and to said premises and every part thereof, and in
and to said personal property; that the plaintiff may be-
come the purchaser at said sale; that the sheriff of Yakima
county make a bill of sale of all of said personal prop-
erty to the purchaser and deliver the same to him, and a
certificate of sale for said real estate, and deliver the same
to the purchaser thereof; and, after the time allowed by
law for redemption has expired, in case no redemption is
made, that the sheriff make, execute, and deliver a sheriff's
deed therefor."

The findings of fact and conclusions of law, upon which
the decree was based and to which appellant excepts on
this appeal, are as follows:

"(10) That there is due from the said defendant Long
upon said promissory notes the sum of $2,581.82, with
interest thereon from the date hereof until paid at the
rate of ten per cent per annum, and the court finds that
$150 is a reasonable attorney's fee in this action.   (11)
That, by virtue of the mortgages aforesaid, the plaintiffs
acquired a lien upon the property therein described, as
security for the payment of said promissory notes.   (12)
That the note mentioned and described in the third cause
of action in plaintiffs' amended complaint for $2,237 cov-
ers the same indebtedness described in the two notes in
these findings mentioned for $1,000 each; that said note
was taken by the plaintiffs in renewal of said two notes
aforesaid, but the original notes were not surrendered,
but were still retained by the plaintiffs as evidence of

said original indebtedness. (13) That the mortgage described in the answer of the defendant Russell & Co. is subsequent in time, and the lien thereof is inferior and subject to the lien of plaintiffs' mortgages. (14) That the crops of wheat described in said mortgages have already been sold and disposed of.

"Conclusions of Law.

"That the plaintiffs are entitled to recover of and from the defendant J. P. Long the sum of $2,581.82, with interest thereon from the date hereof until paid at the rate of ten per cent per annum, and the further sum of $150 attorney's fees, together with their costs in this action; and to a decree foreclosing said mortgages and each of them, and directing a sale of said property, except the said crops of wheat, and the application of the proceeds of the sale to the satisfaction of said amounts, and to a deficiency judgment for any amount remaining after the application of the proceeds of the sale of said property, and to an execution for such deficiency; and that the lien of the mortgage described in the answer of the defendant Russell & Co. is subsequent and subject and inferior to the lien of plaintiffs' said mortgages, and that plaintiffs are entitled in said decree to an order barring and foreclosing their equity of redemption therein."

It is first argued by appellant that the evidence shows the notes of April 12 and December 6, 1899, to have been paid. This contention is based upon the rule approved in *Frazer v. Miller*, 7 Wash. 521, 35 Pac. 427, to the effect that the debtor has a right to direct the application of payments made; if the debtor fails to direct where the payment shall be applied, then the creditor has a right to apply it as he desires; and if neither debtor or creditor applies it specially, then the law will apply or credit it to the oldest debt. It appears from the evidence, that each of these notes for $1,000 was given by defendant Long in part to secure future advances of merchandise to him by Kelso Bros.; that in addition to the notes, there was an

open book account between defendant Long and Kelso
Bros., upon which payments had been made from time
to time; and that these payments were credited by the
plaintiffs upon the open book account. This book account
between defendant Long and plaintiffs was running both
before and subsequent to the execution of the notes of
April 8 and December 6, 1899, and no payments were
made by Long until after the execution of the notes, and
then these payments were credited upon the open account
at the times they were made. The rule contended for by
the appellant, therefore, was complied with in this case,
and the creditor gave credit to Long upon the account,
as he had a right to do. We find no evidence in the record
that the amount of the two notes described in the first two
causes of action had not been advanced by the plaintiffs
to Long, prior to the date of appellant's mortgage; viz.,
July 12, 1900. There is some evidence that no part of
these notes had been paid, and that all the credits had
been given to the open account, which was not a part of
the notes. We conclude, therefore, that the rule con-
tended for was followed, and that the lower court was
right in finding the amount due the plaintiffs from Long
to be $2,581.82, upon both notes.

It is next contended that the appellant's mortgage in
any event is subject only to plaintiffs' first mortgage dated
April 12, 1899, for $1,000, and interest at ten per cent and
$500 attorney's fee. This contention must be sustained.
The evidence clearly shows, that the note of April 12,
1899, for $1,000, was secured by mortgage upon the south-
east quarter of sec. 10, tp. 8, N., R. 27 E., W. M., and
also certain chattels; that the note of December 6, 1899,
for $1,000, was secured by mortgage upon entirely dif-
ferent property; that no part of the property described
in one of the mortgages was security for the other note.

The mortgage of the appellant Russell & Co., for $2,245, was a second lien upon the real estate described in plaintiffs' mortgage of April 12, 1899, and was subsequent in time only to that mortgage. There can be no question but plaintiffs are entitled to foreclose the mortgage of April 12, 1899, for $1,000, and interest at ten per cent, and $50 attorney's fees as provided in that mortgage, and also to have the amount thereof adjudged a lien upon the real estate and personal property therein described prior to the mortgage lien of Russell & Co. upon the same property. It is also true that the mortgage of December 6, 1899, is a lien upon the property therein described, which is all personal property, prior to the mortgage of Russell & Co. upon the same property. But no part of the amount due upon the note and mortgage of December 6, 1899, can be made a lien upon the property described in the mortgage of April 12, 1899, because none of the property described in the mortgage of April 12 is contained in the mortgage of December 6.

We are at a loss to understand upon what theory the lower court concluded that the mortgage of appellant Russell & Co. was subsequent in time, and the lien thereof inferior, to a lien for the whole amount of plaintiffs' claim upon both their mortgages. None is advanced by the respondents. Since appellant's mortgage upon the real estate was subsequent only to the plaintiffs' mortgage of April 12, 1899, the lower court should have made a decree of foreclosure and sale against the realty and personal property described in plaintiffs' first cause of action for the amount due upon the plaintiffs' first mortgage; viz., $1,000, with interest from April 8, 1899, and $50 attorney's fees, and thereupon directed the balance of the proceeds of such foreclosure sale to be applied to the discharge of appellant's mortgage. The same rule applies to the

mortgage of December 6, 1899. This could be done only by making findings of fact or entering a decree showing the amount due upon each of plaintiffs' two mortgages.

The judgment appealed from is therefore reversed, and the cause remanded to the lower court to enter a decree in accordance with this opinion; appellant to recover his costs of this appeal.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.