[No. 18333. Department Two. June 4, 1924.]

## H. H. HAMLIN, *Plaintiff and Appellant*, v. EDWIN H. FLICK *et al.*, *Defendants and Appellants*.[1]

LIMITATION OF ACTIONS (17)—ORAL CONTRACTS—ACCOUNT STATED. An account stated is not a contract in writing, and while it creates an independent indebtedness upon which the statute of limitations runs from the date it is rendered, it is subject to Rem. Comp. Stat., § 159, fixing a period of three years for contracts not in writing.

LIMITATION OF ACTIONS (27)—SET-OFF AND COUNTERCLAIM (6)— AS BAR TO DEFENSE—CREDITS ON NOTE—MUTUAL AGREEMENT FOR SET-OFF. An account stated cannot be pleaded as an offset in an action on a promissory note, where it was barred by the three-year statute of limitations at the time of the commencement of the action.

SAME (27). Where an attorney, indebted to his client on a promissory note, had an agreement with the client that the reasonable value of his services to be performed should be credited on the note, he is entitled to offset the same in an action on the note, and the statute of limitations does not run against the offset short of the time within which the action is barred.

ATTORNEY AND CLIENT (30)—NEGLIGENCE—EVIDENCE—SUFFICIENCY. An attorney cannot be held negligent in a matter where he was employed to make an investigation and was not directed to institute suit in the first instance, nor directed to institute suit after he reported that it was necessary.

SAME (38)—SERVICES—RIGHT TO COMPENSATION. In an action on a promissory note, defendant's offset for legal services cannot be defeated by the fact that he rendered unavailable real estate pledged as security for the note, where he has shown no disposition to avoid payment of any judgment.

[1]Reported in 226 Pac. 484.

SAME (38). An attorney's right to recover the reasonable value of services in defending an appeal is not defeated by the fact that one of the grounds urged on the appeal may have been due to his fault or mistake, where that was a subsidiary question and not the inducing cause of the appeal.

Cross-appeals from a judgment of the superior court for King county, Gilliam, J., entered June 13, 1923, in favor of the plaintiff, in an action on a promissory note, tried to the court. Reversed on defendants' appeal.

*G. Ward Kemp,* for plaintiff and appellant.

*Riddell & Brackett* and *Alfred J. Schweppe,* for defendant and appellant.

FULLERTON, J.—This is an action brought by H. H. Hamlin, as plaintiff, against Edwin H. Flick and Madeline M. Flick, as defendants, to recover upon a promissory note. The action was tried by the court sitting without a jury, and resulted in a judgment in favor of the plaintiff in a sum less than the face value of the note. From the judgment, both parties have appealed.

The note upon which the plaintiff's cause of action is founded was executed on August 4, 1913. It provided for the payment of $1,850 three years after date, with interest at seven per cent per annum, payable semi-annually. It further provided that if the semi-annual interest was not paid as it fell due, the amounts thereof should bear interest until paid at the rate of ten per cent per annum. The note also contained an accelerating clause to the effect that the holder could at his option declare the whole debt due on default of any of the interest payments. The note as introduced in evidence contained an indorsement of the first interest payment, but no other credit. The action on the note was begun on July 26, 1923, some eight or nine days

prior to the time the statute of limitations would otherwise have run against it.

The defendant Edwin H. Flick is an attorney at law. For some years prior to the execution of the note, and thereafter until the latter part of May, 1916, Mr. Flick was the attorney usually employed by the plaintiff when he had need of legal services. Mr. Flick was not regularly retained, but each employment seems to have been regarded as a separate transaction to be paid for on the basis of the reasonable worth of the particular service. For the services rendered prior to September 18, 1912, a settlement was had on that day, Mr. Flick giving a receipt acknowledging payment in full up to that time. For the services rendered subsequent to the execution of the note, there was no settlement nor payment, and as a defense to a recovery on the note the defendant sought to offset his charges for these services, contending that it was understood and agreed between the parties that the amount thereof should be credited on the note. The first of the services was a partition suit, in which the defendant made a charge of $780.95 for attorney's fees and court costs advanced by him. A statement of these charges and advances was forwarded to the plaintiff on March 12, 1915. The second of the services was a mortgage foreclosure, known in the record as the Orr case. For this service Mr. Flick made a charge of $686.25, sending the plaintiff a statement thereof under the date of February 1, 1916. One of the defendants in the first mentioned suit appealed from the final judgment to this court, and Mr. Flick appeared therein as the attorney for the present plaintiff. The appeal resulted in an affirmance of the judgment. *Hamlin v. Hamlin,* 90 Wash. 467, 155 Pac. 393. For his services on the appeal Mr. Flick made a charge of $500.

Between the date of the note and the time the plaintiff ceased to employ him as attorney, Mr. Flick performed various other legal services for the plaintiff at his special instance and request. The plaintiff is a man of considerable fortune, and Mr. Flick drew his will, afterwards redrafted it, and at other times drew codicils thereto. For these services he made a charge of $450. He prepared a complaint for the foreclosure of a mortgage of $6,500, known as the Cooper mortgage. The matter seems to have been settled out of court, and for this service he made a charge of $75. The plaintiff was one of the heirs to an estate, which was administered upon by his brother, and conceived that he had not received his just share of the estate. He employed Mr. Flick to go over the account of the administrator and procure a settlement if possible. Mr. Flick performed this service, and for this Mr. Flick made a charge of $150. The plaintiff made loans through agents on real property, and in a number of these instances before concluding the loan he had Mr. Flick examine the property for the purpose of ascertaining whether it was of sufficient value to justify the loan requested. For these services Mr. Flick made a charge of $50. There were also numerous consultations in which the plaintiff sought the advice of Mr. Flick. For these services, however, Mr. Flick seems to have made no special charges.

Subsequent to the statement in the Orr case, Mr. Flick did not forward to the plaintiff a statement of his charges. After the plaintiff had ceased to employ Mr. Flick, he requested such a statement through his agents. Mr. Flick promised the agents to submit such a statement, saying to one of them that he was willing to "call the account square," meaning evidently that

he was willing to offset the amounts due him for his services against the amount he was owing the plaintiff upon the note. He did not, however, submit to the plaintiff a statement of the amount of his charges.

After the first of the services was performed by Mr. Flick, the plaintiff made no demand upon him for payment of the note, either of principal or interest. Nor did he at any time prior to the trial of the action object to the amount of the charges made by Mr. Flick of which he had statements.

The trial court held that the accounts rendered by Mr. Flick became accounts stated, and that the defendants were entitled to have them credited upon the note as of the time of their rendition. It denied a credit, however, for any of the other services rendered; holding that they could be pleaded only as an offset to the note, and that as such offsets they were barred by the statute of limitations. The plaintiff appeals from that part of the judgment of the court in so far as it allows a credit on the note of the amount of the stated accounts, and the defendants appeal from the refusal of the court to allow a credit on the note for the value of the services for which no statement was furnished.

Noticing first the plaintiff's appeal, we are inclined to agree with his contention that the accounts he questions cannot be offset on the principle which the trial court found controlling. While the statement of an account creates an independent indebtedness from which the statute of limitations runs from the time of the statement, regardless of the time the several items entering into the account became due, it is, nevertheless, not a contract in writing, nor a liability express or implied arising out of a written agreement, and an action thereon is barred, under § 159 of the code (Rem.

Comp. Stat.) [P. C. § 8166], after three years. See note to *O'Hanlon Co. v. Jess,* 14 A. L. R. 437 (58 Mont. 415, 193 Pac. 65). Since, therefore, more than three years elapsed between the time of the statements and the time of the commencement of the plaintiff's action the accounts, merely because they are accounts stated, cannot be offset against the note. *Rubin v. Lucerne & Aurelia Crown R. Co.,* 87 Wash. 198, 151 Pac. 500.

Passing to the defendants' appeal, we think there is a substantial ground which not only requires the amounts of these statements to be credited on the note, but which requires the reasonable value of the services subsequently performed to be so credited also. The record is long, and the evidence cannot even be epitomized here, but a careful examination of it has convinced us that there was a mutual understanding between the parties that the reasonable value of the services rendered by Mr. Flick should be credited on the note. This being the understanding, it would be grossly unfair and inequitable to allow the statute of limitations to intervene. Mr. Flick did not claim that the value of his services was greater than the amount of the note, and he could not sue upon the accounts. Without stultifying himself he could not even allege that the value of the services was due and owing him, and had he so alleged it would have been a sufficient defense thereto to show the agreement. The most that he could have done would have been to institute some form of equitable procedure to compel the indorsement of the value of the services on the note, but equity is just as potent in the present action to compel the indorsement as it would have been in a suit instituted at any prior time. By reason of the agreement, his rights were relegated to that class of defenses which we have heretofore denominated pure

defenses, and have held are not barred by the statute of limitations short of the time the actions to which they are defenses are barred. *State ex rel. American Freehold Land Mtg. Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321; *Buty v. Goldfinch,* 74 Wash. 532, 133 Pac. 1057, Ann. Cas. 1915A 604, 46 L. R. A. (N. S.) 1065; *Buck v. Equitable Life Assurance Society,* 96 Wash. 683, 165 Pac. 878.

The foregoing considerations lead to the conclusion that there must be a reversal of the judgment and a further hearing, and this requires us to notice certain matters pleaded in defense of the defendants' claims. It is alleged that the defendant so far negligently performed his duty with reference to the estate matter heretofore mentioned as to cause a loss to the plaintiff in the sum of $2,000. We find nothing in the record to substantiate this allegation. Mr. Flick, in compliance with the plaintiff's request, examined into the matter and interviewed the administrator. He then reported the result of his work to the plaintiff by letter, informing him that nothing could be obtained without an action in court. To the letter the plaintiff made no reply. As Mr. Flick was not directed in the first instance to institute a suit if he found it necessary, and was not directed to institute it after he so found and so reported to the plaintiff, it is difficult to see wherein he failed in the performance of any duty with respect to the matter.

The second contention is that Mr. Flick has made the real property unavailable which he pledged as security for the note. But conceding that the evidence justified the claim, it cannot be conceded that it constitutes an offset to his claims against the appellant. Any judgment the plaintiff obtains on the final determination of the action will be for the amount justly

due him, and for all of such amount. Manifestly this amount cannot be increased by a showing that the plaintiff will fail on execution. But while we think the foregoing a sufficient answer to the contention, it should be said in justice to Mr. Flick that we find no support in the record for the charge. Moreover, he has shown no disposition to avoid payment of any judgment to which the plaintiff is entitled. On his appeal he gave a supersedeas bond, with sureties which the plaintiff does not question, conditioned for the payment of any judgment the plaintiff may obtain against him.

A third matter appearing upon the trial we mention because it seems to have met with the approval of the trial court. It was contended that Mr. Flick was not entitled to a fee for appearing and defending the appeal of the partition suit, for the reason, as it is claimed, that the appeal was made necessary by his fault and dereliction in the prosecution of the action in the court below. The facts were these: There was involved in the suit four tracts of land. In three of these the plaintiff was a tenant in common with two of his brothers. In the fourth only the two brothers were interested. In the action the plaintiff and one of the brothers were made plaintiffs and partition was sought of all of the property. The referees appointed to make the partition in their first report, through some inadvertence, awarded to the plaintiff a part of the land in which he had no interest. Mr. Flick was not in the city where the property was situated and where the court was held when the award was made, but immediately on his return had the return corrected. The brother named in the action, not the present plaintiff, took an appeal. One of the grounds urged for reversal was that the trial court was without power

to set aside the report of the referees for the purpose of correcting the award, and we gather from the arguments it was thought that the appeal was induced because the record was permitted to present this question, and that this was in some way the fault and dereliction of Mr. Flick. But an examination of the record and arguments on the appeal shows that this was but a subsidiary question—that the main ground of the appeal was that the allotment of the property to the several owners as finally approved by the trial court was inequitable. There was no direct evidence that the belief that the award might be set aside on the first ground stated induced the appeal, and we prefer to believe that the latter ground was the inducing cause. We can, therefore, see no reason why there should be denied Mr. Flick the right to recover for the reasonable value of his services in defending the appeal.

Our conclusion is that the trial court did not err in allowing a credit on the note for the amount of the charges made by Mr. Flick in the statements rendered by him to the plaintiff. By the failure of the plaintiff to object to them within a reasonable time they became accounts stated for the purpose of credit upon the note. As to the remainder of the charges, since no statement was made to him showing their amount, the plaintiff has the right to object to them in so far as he deems them unreasonable. The judgment is therefore reversed on the appeal of the defendants, with instructions to allow either party to offer evidence as to the reasonableness of the charges not contained in the statements, and after such amounts are ascertained, to credit such amounts upon the note as of the time they became payable. If the amount allowed exceeds the amount due on the note, the plaintiff will take nothing by his action. If they prove less than

such amount, the plaintiff will recover for the difference.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.