[No. 25348. Department Two. September 18, 1935.]

DIETTRICH BROS., INC., *Respondent*, v. CECIL ANDERSON et al., *Appellants.*[1]

[1]Reported in 48 P. (2d) 921.

*F. B. Sharpstein* and *Lehrer & Marquis,* for appellants.

*E. L. Casey,* for respondent.

STEINERT, J.—This is an action upon an account stated. Trial by the court, sitting without a jury, resulted in findings of fact and conclusions of law favorable to plaintiff. From the judgment entered thereon, defendants have appealed.

The facts in the case, as established by the evidence and as found by the court, are these: Between October 30, 1927, and April 13, 1931, the respondent sold and delivered to appellants food-stuffs and groceries of the reasonable and agreed value of $2,681.65. On September 12, 1928, appellants paid on account the sum of $350, which was more than sufficient to pay in full so much of the account as was owing on *May 30, 1928.* Other sums were thereafter paid by appellants, so that, on April 13, 1931, there was owing on the account $1,764.88, inclusive of interest. On or about April 30, 1931, the account became stated in the amount last mentioned, the appellants agreeing to the correctness of the amount and *orally* promising to pay the same.

This action was begun by the filing of a complaint on August 5, 1933. The defense was that the cause of action had not accrued within three years prior to the time of the commencement of the action, and that the action was therefore barred by the statute of limitations.

The question here involved is whether, under the facts stated, the statute of limitations commenced to run from the date of the statement of the account or successively from the dates of the respective items making up the stated account.

Appellants contend that the statement of the ac-

count and the oral promise to pay the same did not suspend or toll the running of the statute of limitations as to the items which constituted and made up the total of the stated account; and that, therefore, the respondent was entitled to recover only for those items of goods furnished within the three years preceding the date of the commencement of the action. Respondent, on the other hand, contends that the statute commenced to run from the date of the statement of the account, and not from the dates of the respective items included therein.

■ The payment by appellants of $350 on September 12, 1928, was without any specific direction by appellants as to its application. Under the law of this state, if the debtor makes no specific application at the time of payment, then the right of application belongs to the creditor at any time before the account is settled between the parties or before the action is brought. If neither the debtor nor the creditor applies the payment specially, then the law will apply it to the oldest account. *Frazer v. Miller,* 7 Wash. 521, 35 Pac. 427; *Kelso v. Russell & Co.,* 33 Wash. 474, 74 Pac. 561; *Hughes & Co. v. Flint,* 61 Wash. 460, 112 Pac. 633; *Sturtevant Co. v. Fidelity & Deposit Co. of Maryland,* 92 Wash. 52, 158 Pac. 740, L. R. A. 1917C, 630.

With the application thus made, it will be observed that, on April 30, 1931, the date when the account became stated, the statute had not fully run as to any item included in the stated account.

■■ But the appellants still insist that the stating of the account did not operate to suspend the running of the statute as to the respective items contained in the account; and that the time is to be computed from the dates of the respective items and not from the date

of the stated account. Reliance is placed on Rem. Rev. Stat., § 176 [P. C. § 8183], which reads:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

It is conceded that appellants' promise to pay was not in writing, but merely oral. Appellants contend that this is fatal to respondent's action.

Taking the statute alone, and considering it in its broad and comprehensive sense, appellants' contention may seem to be correct. But in this state, as in most states generally, the rule is settled that the statement of an account creates an independent indebtedness upon which the statute of limitations runs from the time of the statement, regardless of the time that the several items entering into the account became due. *Hamlin v. Flick,* 130 Wash. 126, 226 Pac. 484; *Tonkon v. Small,* 143 Wash. 665, 255 Pac. 1033. The *Hamlin* case, just cited, refers to the annotation to *O'Hanlon Co. v. Jess,* 58 Mont. 415, 193 Pac. 65, 14 A. L. R. 237, wherein the general rule is stated on page 240 as follows:

"The statement of an account creates an independent indebtedness, and the Statute of Limitations runs from the date when it is stated, without regard to the dates when the several items entering into the account became due."

Following the statement of the rule by the annotator are citations of cases from twenty-three states, also from the United States Federal courts, as well as from England and Canada.

Inasmuch as the case of *Hamlin v. Flick, supra,*

cites the *O'Hanlon* case from Montana, it is worthy of note that, in Montana, there is a statute practically identical with our statute, Rem. Rev. Stat., § 176, [P. C. § 8183]. The *O'Hanlon* case in turn cites with approval the following cases from California: *Auzerais v. Naglee,* 74 Cal. 60, 15 Pac. 371; *Kahn v. Edwards,* 75 Cal. 192, 16 Pac. 779, 7 Am. St. 141; *Baird v. Crank,* 98 Cal. 293, 33 Pac. 63. California likewise had a similar statute at the time that those cases were decided.

The rule laid down in each of the Montana and California cases was this: Where an open account is barred by the statute of limitations, it cannot be relieved from the bar of the statute by an oral statement of such account; but where the demand is not barred at the date of the account stated, although the statement is verbal, the statute begins to run upon the new cause of action thus brought into existence from the date of the settlement and new promise arising thereunder.

No case from this state has been called to our attention wherein a distinction was made between those demands that had been barred at the time of rendering the stated account and those which were not barred at that time. However, it is unnecessary to make any distinction in this case, because none of the items of the stated account were barred by the statute at the time that the statement was made. This case therefore falls within the general rule that the statute of limitations begins to run from the date of the account stated.

The judgment is affirmed.

MILLARD, C. J., HOLCOMB, MITCHELL, and BLAKE, JJ., concur.