W. E. STARKE, Individually, Appellant, v. MARIE PFENDER, Widow, etc., *et al.*, Appellees.

200 So. 850

Division B

Opinion Filed February 25, 1941

Rehearing Denied March 25, 1941

*E. Clyde Vining* and *Raymond O. Burr,* for Appellant; *Horton & Strahan, Irving Ellsworth Lewis* and *Whitfield & Whitfield,* for Appellees.

THOMAS, J.—The facts forming the background of this litigation are undisputed and are not complex. A mortgage was executed to secure two promissory notes evidencing a loan, and later it was agreed by the mortgagee that if the mortgagors would furnish the latter with board and lodging and care for him during his lifetime, the mortgage would be cancelled in consideration for those services. The agreement was fulfilled by the mortgagors, the mortgagee having lived approximately two years after it was made. Nearly five years after the death of the mortgagee suit was brought to cancel the notes and to have the mortgage declared satisfied, and by cross bill the executor of the mortgagee's estate sought a decree of foreclosure.

The chancellor ordered the mortgage satisfied, cancelled the notes and dismissed the cross bill.

Upon the appeal from his decree it occurs to us that it is necessary to decide but one question, namely, whether the defendants should have prevailed upon their cross bill because no "claim or demand" was filed with the executor within the time specified in Section 120 of Chapter 16103, Laws of Florida, Acts of 1933. Thus, it will be seen that it is the position of the appellant that the appellees should not have been favored with the decree because of the failure to present to the executor a claim for the services rendered the testator in accordance with the terms of the agreement. This contract was entered into after the execution of the mortgage and contemplated the performance of services by the mortgagors, which were satisfactory to the mortgagee and accepted by him in lieu of money in payment of the debt. At the time of his death nothing remained to be done by any of the parties to the mortgage, or the contract, save the simple mechanics of surrendering the notes and executing a satisfaction of the mortgage. Furthermore, the compliance on the part of the executor with a request for

delivery of the notes and the execution of a satisfaction piece would have resulted in no depletion of the assets of the estate.

Consequently, although the debtors had a right to the satisfaction of the indebtedness which they could present in the bill they brought this right was, too, a defense to any foreclosure of the mortgage because it was in fact a payment of the original debt. The agreement for the furnishing and acceptance of services in lieu of currency attached to the mortgage and was not an agreement so independent that the mortgagors could make a demand for any specific sum due irrespective of their obligation under the other instrument.

To illustrate, if the executor had taken the initiative and resorted to a court of equity to foreclose the lien, and the defendants, mortgagors, had by answer presented the subsequent agreement it would have fallen in the category of a defense on the ground of payment, no relief being asked save the cancellation of the notes and the discharge of the mortgage because of satisfaction by the services performed. Hamlin v. Flick, *et ux.*, 226 Pac. 484.

It is evident when the matter is considered in this light that no actual recovery was sought against the executor who held the notes and mortgage. One is immediately impressed with the absence from the mortgagors' rights of those elements which are essential to determine whether those rights are in fact claims or demands as contemplated by the Legislature in the above Act.

The purpose of the statute of nonclaim, as announced in former decisions of this Court, is to expedite and facilitate the settlements of estates in the interest of the public welfare having regard meanwhile to the rights of creditors. *In Re: Estate of J. B. Jeffries*, 136 Fla. 410, 181 So. 833. We are unable to see, however, how this principle was in any way

violated by the ruling of the chancellor that the mortgagors could prevail even though the time for filing a claim had passed. Certainly the executors could not distribute that part of the estate represented by the mortgage free of any defense to it.

In this situation it is difficult to see how the statute could have been violated without formal notification from the mortgagors to the executor of the mortgagee of the contract and its fulfillment. This is particularly true when we consider that when the contract was made there was no provision that the mortgagors should earn any definite sum to be applied on the debt, or that there was to be a *quantum meruit* determination of the value of the services, but simply that the mortgage would be cancelled if the quality of these services was maintained regardless of the length of time that the mortgagee lived thereafter.

It is our view that the right of the mortgagors was a defense pleadable in event of the foreclosure of the instrument and that it was not a claim necessary to be filed with the executor. It seems that to hold otherwise would work manifest injustice. An executor could in such a case wait until the expiration of the period within which claims must be filed, foreclose a mortgage held in the estate, and defeat a defense that the mortgage or part of it had been paid by claiming that no demand had been filed within the time. Thus, he could take advantage of his own delay. That the mortgagors instituted the suit to foreclose the simple acts of surrendering the notes and satisfying the lien on the record instead of awaiting the bringing of a foreclosure by the executor, giving the opportunity to present for adjudication the defense of payment, does not alter the principle involved. If payment under the contract was a defense, as distinguished from a claim, as long-lived as the right of action

(Beekner, *et al.*, v. Kaufman, 145 Fla. 152, 198 So. 794) there was no need for the debtors to make demand on the executor within the period fixed in the statute.

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.