427 So.2d 783 (1983)
Jack S. LIEBOWITZ, Appellant,
v.
WRIGHT PROPERTIES, INC., Appellee.
No. 81-1010.
District Court of Appeal of Florida, Fourth District.
March 2, 1983.
Rehearing Denied March 25, 1983.
*784 Irvin S. Rever of Blank, Williams & Benn, West Palm Beach, for appellant.
H.L. Cooper, Jr., of O'Connell, Cooper, Parrish & McBane, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment for $10,000 rendered in favor of appellee, Wright Properties, Inc., a real estate brokerage company. The trial court held that appellant Jack Liebowitz had defaulted on a contract for the purchase of real estate in which Wright was the broker and Liebowitz the purchaser, and that Liebowitz had also wrongfully stopped payment on a $20,000 check given to Wright as a deposit on the purchase.
Wright filed a complaint, alleging alternatively that it was entitled to $10,000 either as a commission due under the purchase and sale contract breached by Liebowitz or as damages for Liebowitz's action in stopping payment on the deposit check. Liebowitz admitted execution of the contract and the dishonored check, but denied liability on the grounds that he did not employ Wright as a broker and that Wright was not the real party in interest entitled to the proceeds of the dishonored check or damages for breach of the sales agreement. Liebowitz also claimed that he was fraudulently induced into entering into the agreement.
Initially, we uphold the trial court's finding that Liebowitz failed to prove the defense of fraud. This court may not substitute its judgment for that of the trial court. Delgado v. Strong, 360 So.2d 73 (Fla. 1978). Upon review of the record we find substantial competent evidence to support the trial court's holding on this issue.
We also decline to treat the issue raised by Liebowitz of whether a broker may recover against a defaulting purchaser in the absence of an express agreement by the purchaser to pay the broker's commission. We do so because we conclude that Wright was entitled to recover on other grounds.
Liebowitz acknowledges, at page 7 of his initial brief, "Appellee's claim would be valid if there were a deposit." He relies for *785 his defense on the fact that he stopped payment on the check and, therefore, he asserts, no fund was created from which Wright could collect. That may be so but it does not necessarily leave appellee without a remedy.
As the designated escrow agent, Wright was a "holder" as defined in the Uniform Commercial Code, section 671.201(20), Florida Statutes (1981), which states:
"Holder" means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank.
Wright's right to recourse against Liebowitz is therefore supported by the provisions of section 673.507(2) which provides:
Subject to any necessary notice of dishonor and protest, the holder has upon dishonor an immediate right of recourse against the drawers and indorsers.
An issue not addressed by the parties is that the promise to pay in the negotiable instrument involved here was vulnerable to the defense of failure of consideration. Appellee does not qualify as a holder in due course under section 673.302, Florida Statutes (1981), because it did not take the instrument for value. Although the claims of holders in due course are subject only to real defenses, claims by holders, such as appellee, are subject to personal defenses as well.
Section 673.408, Florida Statutes (1981), states:
Consideration.  Want or failure of consideration is a defense as against any person not having the rights of a holder in due course [s. 673.305], except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this code under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount.
In the instant case, the buyer delivered the check to the broker but received nothing from the broker in return. The broker's services do not constitute consideration to the buyer because the contract expressly provides that the seller will pay the broker. See, e.g., Williams v. Stewart, 424 So.2d 204 (Fla. 2d DCA, 1983). Thus, there was no consideration to support the buyer's executory promise to pay in accord with the check he gave the broker. Without supporting consideration, the promise to pay embodied in the instrument is unenforceable.
The appellant, however, failed to plead this defense and thereby waived it under rule 1.140(b) of the Florida Rules of Civil Procedure. Accordingly, the defense of failure of consideration cannot be pursued on appeal.
For the reasons set out above we affirm the judgment of the trial court.
ANSTEAD, HERSEY and HURLEY, JJ., concur.