799 So.2d 373 (2001)
Dennis B. DAVIS and Karla A. Davis, Appellants,
v.
Kaye B. STARLING, Trustee of the Kaye B. Starling 1997 TRUST, Appellee.
No. 4D00-3923.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*374 John L. Bryan, Jr., and S. Bryan Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellants.
John L. Korthals of the Law Office of John L. Korthals, Pompano Beach, for appellee.
FARMER, J.
We have a summary judgment cutting off an attempt by debtors to assert recoupment against the transferee of a mortgage for certain expenses resulting from environmental contamination. The debtors claim that the original mortgagee, who was also their seller, had falsely told them that there was no environmental contamination. Although the time for asserting independent damages claims directly against the estate of the seller has been extinguished by the lapse of the nonclaim statute, we nevertheless conclude that recoupment is not unavailable against the current holder of the mortgage and therefore reverse.
Dennis and Karla Davis (debtors) were the lessees of real property from David Ballou (decedent), on which they conducted a business selling and servicing tractors, as decedent had previously done. It is said that in connection with the lease decedent represented that the property was free of any environmental contamination.[1] After a few years, debtors entered into a contract to purchase the property from decedent and in 1994 executed and delivered to him a purchase money note and mortgage in the amount of $285,000.
In time, decedent assigned the mortgage to himself as the trustee of his own trust, and two years later he passed away. Upon his death, his surviving spouse and daughter became successor trustees of the trust, and a few weeks later the successor trustees assigned the mortgage to the daughter alone.[2] She is now the owner and holder of the promissory note and mortgage. For purposes of deciding the recoupment issue, we proceed as though the note and mortgage passed through, rather than outside, decedent's probate estate to her.[3]
More than a year after decedent's death, debtors claim they discovered that before the lease decedent installed an underground gasoline storage tank on the property, from which he fueled trucks on site. In 1988, decedent filled the tank with water and paved over the area, apparently in violation of environmental laws. As a result, the regulatory authorities later found the property contaminated by leaking from the underground tank. The estimated cost of cleaning up the contamination runs from $38,500 to $64,500.
*375 Two years after their discovery of the contamination, debtors brought this declaratory judgment action against the daughter as the holder of the mortgage, seeking to recoup from sums due on the mortgage the costs related to bringing the land into compliance with the environmental laws. The daughter moved for summary judgment, arguing that debtors had waited too long to assert recoupment. She argued that they should have asserted the recoupment by filing a claim against decedent's estate and that, having failed to do so, they are barred from asserting recoupment by section 733.710, the nonclaim statute.[4] The trial court agreed and entered judgment in favor of the transferee of the mortgage. The trial judge explained that:
"Any setoff would be based on principles of equity. Equity generally follows the law and cannot be used to overturn established rules of law. In this case the Legislature has enacted what is in effect an immunity, by enacting a statute of repose. One question is whether or not that which would be prohibited by law to be raised as an action, can be raised as an equitable defense. No equitable principles have been elucidated which would in this case permit the application of equity as a defense. Normal mortgage defenses such as payment, satisfaction, discharge, release, mistake, fraud, negligence, lack of consideration or statute of limitations do not apply. If one can argue that "unclean hands" applies this defense would not apply to the present mortgagee, it would only apply to decedent. Additionally, equity does not permit recission or cancellation of instruments without return to the status quo ante and there is no inference in this case that this can be restored."
Debtors argue on appeal that the judge erred and we agree.
The gist of the legal position asserted by debtors is quite straightforward. They contend that as against their seller equity would surely allow them to reduce the amount of the mortgage debt for their economic losses resulting from the seller's misrepresentation as to hidden environmental contamination. As between them and their seller, they argue, they are the wronged party and the seller is the wrongdoer. Thus they ought to be able, they argue, to assert recoupment against the daughter because she succeeded to the ownership of the mortgage, as it were, by being heir to the alleged wrongdoer's estate and not by giving value. That is, the current owner/holder of the note and mortgage securing it did not take the mortgage by purchase for value. In this circumstance, they say, they ought to be able to assert the right of setoff defensively against the holder.
It is true, as debtors argue, that if their seller were alive and still held the mortgage they would be able to state a right of recoupment against him for the misrepresentation.[5] It is also true, however, that any independent claim for damages arising from such a misrepresentation would have been, upon his death, transformed to a claim against his estate. And the holder of the mortgage is equally correct that such an independent claim against the estate expired when the debtors failed to file such a claim with the personal representative before the lapse of section 733.710. At this point, however, to authorize a summary judgment the transferee of the mortgage leaps from the demise *376 of the independent claim to argue that defensive relief by recoupment to reduce the mortgage debt is also barred as well, and for essentially the same reason the lapse of the non-claim statute. We disagree.
Functionally the debtors seek to reduce the amount of the debt by a "credit" for the costs of curing the environmental contamination. Their action is in the nature of a defense against the original mortgagee/seller for an alleged misrepresentation as to the environmental status of the property later sold, the same property securing the debt. It is well established that a simple holder of a note and mortgage as opposed to a holder in due coursetakes the instruments subject to the personal defenses of the maker against the original payee/mortgagee. Liebowitz v. Wright Properties Inc., 427 So.2d 783 (Fla. 4th DCA 1983). The daughter is merely a holder of the mortgage, rather than a holder in due course, because she gave no value and acquired her interest by virtue of her status as the beneficiary of the trust. See § 673.3021(1)(b)1 & (3)(c), Fla. Stat. (2000) (person does not acquire rights of a holder in due course of an instrument taken as the successor in interest to an estate or other organization). Thus the daughter holds the mortgage subject to the same defenses as her father faced when he held it. The question, then, is whether recoupment is one of those defenses the makers of the note and mortgage can now assert.
It has long been the rule in Florida that the defense of recoupment is available even though an underlying claim based on the same facts may be barred as an independent action by the applicable statute of limitations. See Allie v. Ionata, 503 So.2d 1237, 1239 (Fla.1987) (defense of recoupment available even though underlying claim barred by applicable statute of limitations as independent cause of action); and Payne v. Nicholson, 100 Fla. 1459, 1464, 131 So. 324, 326 (1930) (defense of limitations is not available against cause of action in recoupment, even though such claim as independent cause of action would be barred). The theory is that the defense should be viable as long as the claim to which it responds is viable. See Beekner v. L.P. Kaufman Inc., 145 Fla. 152, 157, 198 So. 794, 796 (1940) (generally defense should be as long-lived as cause of action).[6]
Section 733.710 is a jurisdictional statute of nonclaim and not an ordinary statute of limitations. May v. Illinois Nat. Ins. Co., 771 So.2d 1143 (Fla.2000). That fact, however, does not itself eliminate the defensive assertion of recoupment permitted by Allie and Payne. In Starke v. Pfender, 146 Fla. 262, 200 So. 850 (1941), the court pointed out that giving such preclusive effect to the nonclaim statute could work a substantial injustice by allowing the personal representative to hold off suing on the mortgage until the period of nonclaim had lapsed. The effect would be to defeat meritorious defenses, such as payment, without any good reason. As Starke noted, citing Beekner, if the defense is valid as long as the claim of debt, then there is no good reason for the debtors to *377 make a recoupment demand on the estate during the period of the nonclaim. Starke, 146 Fla. at 265-66, 200 So. at 851-52. But even if an independent action for money damages is barred by a statute of nonclaim or other limitations statute, under Allie and Payne recoupment is nonetheless still available defensively to lessen the amount owed on the mortgage debt.[7]
The daughter argues that the more recent decision in Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997), bars the recoupment theory, again because section 733.710 operates like a statute of repose. We do not think Beach supplies the rule of decision in this case, however. In Beach the federal Truth in Lending Act newly created a statutory right of rescission when a lender fails to comply with the same statute's duties. The borrowers there sought rescission for such a violation under a theory of recoupment, but they waited to do so until more than three years after the loan was made. In concluding that the recoupment was barred by the lapse of the same statute's prescribed 3-year period for asserting rescission, the court adopted the following rationale:
"A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right."
692 So.2d at 152-53. Beach therefore does not change the common law recoupment principle of Allie and Payne. Because the debtors' claim of recoupment in this case is based on the common law, the statutory rationale of Beach is clearly inapplicable.
We conclude that the trial court erred in its determination that the debtors' defensive use of recoupment to reduce the amount owed on the debt of the mortgage by the expenses related to environmental contamination is barred by the nonclaim statute. This kind of defensive use of recoupment is not barred by any period governing its assertion as an independent cause of action, so long as the underlying debt is still actionable. Starke, 146 Fla. at 265-66, 200 So. at 851-52; Beekner, 145 Fla. 152, 157, 198 So. at 796.
Whether recoupment would be equitable depends on the facts proved at trial, but there does not appear to be anything inequitable under Allie, Starke, Payne and Beekner about the debtors waiting until now to assert recoupment. As long as *378 equity will permit an action on the mortgage by its holder, so too will equity recognize the defense of recoupment. Nor, in allowing a recoupment defense to lessen the amount due on the mortgage by the amount of environmental clean-up costs, does it seem necessary to restore the status quo ante. After all, debtors seek not a rescission of the entire debt but a mere reduction in the amount of the debt by such clean-up expenses as they may prove at a trial.[8] As the trial judge himself said, equity follows the law and cannot be used to eliminate its established rules. In this instance the law and its rules favor recoupment, and so does equity.
REVERSED AND REMANDED FOR CONSISTENT PROCEEDINGS.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] For purposes of deciding the legal issue, we take as presumptive fact those factual assertions as to which the losing party on summary judgment has offered evidence. Whether a trier of fact will so find is beyond our competence to say.
[2] In turn she assigned it to her own living trust.
[3] See n. 7, below.
[4] § 733.710, Fla. Stat. (2000).
[5] Again, we express no view as to whether there really was a misrepresentation and whether it was material and justifiably relied upon. Rather, for purposes of testing whether debtors assertion of recoupment is barred, we simply assume that debtors can offer evidence as to these elements.
[6] The defensive use of recoupment, however, is not available to defeat a claim for non fungible property such as real estate or a non-damages claim to quiet title. See Rybovich Boat Works v. Atkins, 585 So.2d 270 (Fla. 1991) (rule that counterclaim for recoupment of money damages may be asserted even though underlying claim itself would have been time barred if raised as separate cause of action does not apply when the particular remedy raised in counterclaim seeks delivery of unique or nonfungible property such as real estate); and Admiral Sec. & Inv. Co. v. Curtis, ___ So.2d ___, 26 Fla. L. Weekly D2094, 2001 WL 984793 (Fla. 4th DCA Aug.29, 2001) (defensive use of recoupment not available against non money damages claim to quiet title).
[7] Debtors argue that section 733.710 applies only to claims for money or property against the decedent's estate and carries over to probate estate assets distributed to estate beneficiaries. See § 733.710(1), Fla. Stat. (2000) ("[two years after death] neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent"); and May v. Illinois Nat. Ins. Co., 771 So.2d 1143, 1157 (Fla.2000) (section 733.710 is jurisdictional statute of nonclaim automatically barring untimely claims and not subject to waiver or extension in probate). They contend that in this case they seek no money or property from the probate estate or its beneficiaries. They also argue that the mortgage is not an asset traceable to the probate estate, that it passed outside of probate through decedent's inter vivos trust and therefore section 733.710 does not control the outcome of debtors' attempt to assert recoupment to lessen the amount they owe on the mortgage. We are unable to resolve these contentions on the basis of the record before us and therefore are unable to decide the section 733.710 issue on this basis. We thus proceed as though the nonclaim statute is otherwise implicated and confine our decision to the issue whether even if applicable it would bar defensive recoupment.
[8] Whether the debtors must show actual expenses instead of an estimate is something we leave to the trial judge to decide in the first instance.