23 So.3d 822 (2009)
U.S. BANK NATIONAL ASSOCIATION as Trustee for the Benefit of Harborview 2005-10 Trust Fund, Appellant,
v.
Danny TADMORE, deceased, etc. et al., Appellees.
No. 3D09-1389.
District Court of Appeal of Florida, Third District.
December 2, 2009.
Adorno & Yoss, John J. Shahady, Fort Lauderdale, Jack R. Reiter and Jordan S. Kosches, Miami, for appellant.
Siegfired, Rivera, Lerner De La Torre & Sobel, Guillermo M. Mancebo and Vincent B. Flor; Gonzalo R. Dorta, Miami, for appellee.
Before WELLS, SHEPHERD, and CORTIÑAS, JJ.
WELLS, J.
In this mortgage foreclosure action, U.S. Bank National Association ("the Bank") appeals from an order obligating it to "diligently proceed with the [instant] pending foreclosure action ... within thirty (30) days" or pay monthly maintenance fees on the condominium unit in foreclosure. We treat the instant order as an order granting an injunction which we reverse because there is no basis for imposing such fees as a sanction or otherwise in this case. See, e.g., Hughes v. First Fed. Sav. & Loan Assoc., 621 So.2d 557 (Fla. 4th DCA 1993) (finding that an order requiring a party to deposit mortgage payments into the registry of the court as they accrued, pending resolution of the foreclosure claim, was reviewable as an injunction under Rule 9.130(a)(3)(B)).
This action commenced in February 2008 with the Bank seeking to foreclose a first mortgage on a condominium unit owned by Danny Tadmore. The Condominium Association for the property where this unit is located was joined as a defendant in this action. The matter thereafter was delayed first, because the original summons for Mr. Tadmore and his unknown spouse was lost, and then, because Tadmore's estate had to be added as a party after the Bank learned that he had expired.
*823 On February 20, 2009, approximately a year after this action was filed, the Condominium Association filed a motion to compel the Bank to either proceed with its foreclosure action or to commence paying the $939.56 monthly maintenance fee for the decedent's condominium unit to the Association. At the time this motion was filed, no notice that the case was ready to be set for trial had been filed and no Rule 1.420(e) motion to dismiss for lack of prosecution had been made. See Fla. R. Civ. P. 1.440(b) (providing that after an action is at issue, "any party" may file and serve a "notice that the action is at issue and ready to be set for trial"); see also Fla. R. Civ. P. 1.420(e) (providing generally that where no activity appears on the face of the record for a period of 10 months, notice is given, and no record activity occurs within the next 60 days, an action may be dismissed by the court on its own motion or on the motion of an interested person).
Rather than attempting to move this action to completion by having it set for trial, the Association claimed that it was being unreasonably prejudiced by the Bank's "undue delay in pursuing their [sic] foreclosure" action, making it fair and equitable for the court to order the Bank to pay monthly assessment payments to the Association. The trial court agreed. We reverse.
As the Association concedes, the Bank is not contractually obligated to pay condominium maintenance fees on this unit. Nor, as section 718.116(1)(b), Florida Statutes (2009) confirms, is it legally obligated to do so before it obtains title:
(b) The liability of a first mortgagee ... who acquire[s] title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that become due prior to the mortgagee's acquisition of title is limited to the lesser of:
1. The unit's unpaid common expenses and regularly periodic assessments which accrued or came due during the 6 months immediately preceding the acquisition of title ... or
2. One percent of the original mortgage debt....
See Bay Holdings, Inc. v. 2000 Island Blvd. Condo. Ass'n, 895 So.2d 1197, 1197 (Fla. 3d DCA 2005) (noting that section 718.116(1) is a "safe harbor provision" that "provides a statutory cap on liability of foreclosing mortgagees for unpaid condominium assessments that become due prior to the first mortgagee's acquisition of title pursuant to a foreclosure proceeding").
Since no claim was made below to justify imposition of a sanction against the Bank for failing to proceed as quickly as the Condominium Association would like, and no basis for imposition of a sanction appears in the record to exist, the instant order cannot be sustained on this ground. Finally, we reject the notion that equity and fairness supports this order. The law is that a first mortgagee may be required to pay condominium maintenance fees after it acquires title and then only in a limited amount. Since equity follows the law, it cannot be utilized to impose this obligation without limitation before title is passed. See Davis v. Starling, 799 So.2d 373, 378 (Fla. 4th DCA 2001) (noting that "equity follows the law and cannot be used to eliminate its established rules"); Laws v. Laws, 364 So.2d 798, 801 (Fla. 4th DCA 1978) ("It is apparent that the trial court was attempting to do `equity' in the case, but in that quest for `equity', the legal rights of the respective parties cannot be trammelled"); 22 Fla. Jur.2d Equity § 2 ("[I]f an issue is clearly governed by established legal rules, equity may not interfere and disregard the controlling legal principles. Thus, equity is often under the influence of legal rules; in its quest to do *824 equity, a court cannot trammel the legal rights of the parties.") (footnotes omitted); see also Nordberg v. Green, 638 So.2d 91, 93 (Fla. 3d DCA 1994) ("[C]ourts of equity have [no] right or power under the law of Florida to issue such order it considers to be in the best interest of `social justice' at the particular moment without regard to established law." (quoting Flagler v. Flagler, 94 So.2d 592, 594 (Fla.1957))).
Accordingly, the order on appeal is reversed.