718 So.2d 300 (1998)
CITIBANK, FSB f/k/a Citicorp Savings Of Florida, Appellant,
v.
PNC MORTGAGE CORPORATION OF AMERICA formerly Sears Mortgage Corporation; Citizens Bank Of Clearwater, Belleair Sands Condominium Association, Inc.; Miller Freeman, Inc. f/k/a Gralla Publications; Anthony R. Tallman; James A. Hampson; Household Bank, F.S.B., Appellees.
No. 97-02567.
District Court of Appeal of Florida, Second District.
September 11, 1998.
*301 Forrest G. McSurdy and Donna S. Glick of Law Offices of David J. Stern, P.A., Plantation, for Appellant.
Thomas H. McLain, Jr., of Fisher & Sauls, P.A., St. Petersburg, for Appellee Belleair Sands Condominium Association, Inc.
Elizabeth R. Mannion of Baxter & Strohauer, Clearwater, for Appellee, Citizens Bank of Clearwater.
Connolly Clark Beaugez and Pamela Herman of Hill, Ward & Henderson, for Appellee Miller Freeman, Inc.
CASANUEVA, Judge.
In this appeal, Citibank challenges the trial court's distribution of surplus proceeds in a foreclosure action and the trial court's failure to vacate or reconsider the challenged order. We reverse.
Following a summary final judgment of foreclosure, a sale of the foreclosed property generated surplus proceeds of $38,028.73. Several junior lienholders, appellant Citibank, appellees Belleair Sands Condominium Association, Inc. (Belleair), Citizens Bank of Clearwater (Citizens), and Miller Freeman, Inc. (Miller), had each asserted a claim to the surplus proceeds in their responsive pleadings preceding the summary judgment of foreclosure. After the foreclosure sale, Belleair filed a motion to determine priorities and Citizens and Miller each filed a motion for order of distribution of surplus funds. At the hearing on the competing motions of the junior lienholders, Belleair and Citizens relied upon previously filed affidavits of indebtedness to support each's claim, Miller relied upon its filed evidence of claim, and Citibank did not attend although it had notice of the hearing. Following the hearing, the court entered two orders. The first, on May 15, 1997, distributed funds to Citizens and Belleair; the second, on May 27, 1997, distributed funds to Miller. Neither disbursed funds to Citibank, although Citibank was apparently senior to Citizens and Miller. Citibank's motion for rehearing or other relief was heard on May 27 and the order denying the motion was signed on May 28, 1997.
First, we address whether Citibank was entitled to relief under Florida Rule of *302 Civil Procedure 1.540(b). It asserted excusable neglect for its failure to attend the hearing held upon the motions of Belleair, Citizens, and Miller. Citibank failed to support this assertion with sworn evidence. It submitted neither testimony nor affidavit. Accordingly, the trial court properly denied relief under this rule. See Lee v. Chung, 528 So.2d 1313 (Fla. 2d DCA 1988); Pertz v. Zohar, 556 So.2d 459 (Fla. 2d DCA 1990).
Although Citibank is not entitled to rule 1.540 relief, we conclude that it is nonetheless entitled to relief because the trial court erred by failing to entertain Citibank's claim on rehearing and by disbursing the surplus funds without first determining the priorities and amounts due to the remaining junior lienholders. After a foreclosure sale, the trial court is required to prioritize the interests of the competing junior lienholders and the amounts due each. See Schroth v. Cape Coral Bank, 377 So.2d 50 (Fla. 2d DCA 1979). The rights of Citibank arose at the time of foreclosure. See United States v. Sneed, 620 So.2d 1093 (Fla. 1st DCA 1993). A claim is not lost by the mere failure to attend a disbursement hearing. Id. Inferior junior lienholders have no equitable claim to the surplus proceeds until superior junior lienholders have had their claims satisfied. Here, the orders disbursing the surplus funds failed to determine the legal priorities of the junior lienholders. This was error.
Accordingly, we reverse and remand for the trial court to determine the respective rights to the surplus proceeds of all junior lienholder claimants.
ALTENBERND, A.C.J., and FULMER, J., concur.