913 So.2d 614 (2005)
Gladys GOLINDANO, Appellant,
v.
WELLS FARGO BANK, Appellee.
No. 3D03-3138.
District Court of Appeal of Florida, Third District.
March 16, 2005.
Terrence E. Rosenberg, for appellant.
Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, David J. Tong and Cheryl J. Lister, (Tampa) for appellee.
Before GERSTEN, RAMIREZ and SUAREZ, JJ.
SUAREZ, J.
Gladys Golindano appeals an order entered October 30, 2003, entitled Order Vacating Order Disbursing Surplus Funds to Defendant Golindano, and Enforcing the Order Directing Payment of Foreclosure Surplus Funds Dated January 21, 2003. For the following reasons, we affirm the trial court's order.
This matter arises out of a complaint for mortgage foreclosure filed by the first mortgage holder, Wells Fargo Bank *615 Minnesota, N.A., against property owner Gladys Golindano. It was alleged in the complaint that Citifinancial Mortgage Company, Inc. also had an interest in the property due to a recorded mortgage. Gladys Golindano and Citifinancial were both served. Neither party answered and both parties were defaulted. A Final Summary Judgment of Mortgage Foreclosure was filed by Wells Fargo Bank Minnesota, N.A. which was granted without opposition. The foreclosure sale was held on August 23, 2002. Proceeds from the sale were disbursed to Wells Fargo Bank Minnesota, N.A., and the foreclosure surplus funds were filed with the court. Gladys Golindano and Citifinancial both filed motions each claiming the right to the foreclosure surplus funds. Due to confusion not relevant to this appeal, two different judges entered two different orders, one awarding the foreclosure surplus funds to Gladys Golindano and the other awarding the foreclosure surplus funds to Citifinancial. Citifinancial claims it was first made aware of the Gladys Golindano motion and order when it attempted to obtain the funds from the court registry and found the funds had been previously withdrawn by Gladys Golindano. Citifinancial filed its present Motion to Vacate the Gladys Golindano order pursuant to Rule 1.540, Florida Rules of Civil Procedure. The trial court granted the motion entering the Order Vacating the Order Disbursing Surplus Funds to Defendant, Golindano, and Enforcing the Order Directing Payment of Foreclosure Surplus Funds Dated January 21, 2003.
Normally, the issue on such an appeal would center around whether or not the trial court abused its discretion in entering the Rule 1.540 order. Whether or not the trial court abused its discretion is of no moment in this proceeding. The trial court was correct in the order that it entered which is the subject of this appeal and, in fact, would have erred had it not done so. In the factually similar case of CitiBank, FSB v. PNC Mortgage Corporation, 718 So.2d 300 (Fla. 2d DCA 1998), the trial court's denial of a 1.540 motion on procedural grounds was upheld, but relief was still granted by the appellate court based on the fact that the trial court disbursed foreclosure surplus funds without first determining priorities and amounts due junior lienholders. Such is the same situation in the instant action. Before any foreclosure surplus funds can be disbursed, priorities of lienholders must be determined. It appears the trial court in the instant order determined such priorities by awarding the foreclosure surplus funds to the junior mortgage holder, Citifinancial. A junior mortgage lienholder has priority over the property holder for foreclosure surplus funds. General Bank, F.S.B. v. Westbrooke Pointe, Inc., 548 So.2d 736 (Fla. 3d DCA 1989). Therefore, for the above reasons, the trial court was correct in entering the order in question and was correct in the determination of the priorities of payment.
We affirm the trial court's order.[1]
NOTES
[1] Citifinancial did not waive any of its rights as a junior lienholder to the surplus funds just because it allowed a default to be entered against it. Such rights are maintained despite the default. See Household Finance Servs., Inc. v. Bank of America, 883 So.2d 346, 348 (Fla. 4th DCA 2004).