SALTER, J.
Wells Fargo Bank, N.A., appeals an order denying its motion to vacate a judgment disbursing approximately $176,000 in surplus funds from a foreclosure sale to Aristo Mortgage, LLC, the appellee. Wells Fargo and Aristo were defendants in the foreclosure action by virtue of second and third mortgage hens, respectively.
The complaint and Wells Fargo’s post-sale motion for disbursement of the excess proceeds established the priority of Wells Fargo’s hen over the hen claimed by Aris-to, and there was no issue below or here regarding that priority. Nonetheless, in its own post-sale motion for the proceeds, Aristo alleged that “ARISTO owns an equity of redemption that is superior to all others,” and that “Although there are other junior lienholders, ARISTO has rights that are superior to those.” Aristo then served a notice of hearing for its motion which contained an incorrect hearing date and failed to identify any individual attorney in the firm then representing Wells Fargo.[1]
When counsel for Aristo appeared at a hearing on its motion, and an attorney for Wells Fargo did not, the trial court granted Aristo’s motion and directed disbursement of the excess proceeds to Aristo. That order did not include any finding regarding Aristo’s priority, or the priority of any other party to the lawsuit, as a claimant to the excess proceeds.
Ultimately Wells Fargo filed a motion which, though containing a typographical error,[2] recited Aristo’s misrepresentations, Wells Fargo’s priority, and the non-receipt by Wells Fargo of Aristo’s notice of hearing. The motion requested the circuit court to vacate the order directing payment of the excess proceeds to Aristo. The motion was denied, and this appeal ensued.

*101
Analysis

Then-counsel for Aristo led the trial judge into error. Relying on a motion that misrepresented the undisputed priorities and a notice of hearing that contained an erroneous hearing date on its face, Aristo obtained that which it was not entitled (on the present record, at least) to obtain — the surplus proceeds. Here, as in Golindano v. Wells Fargo Bank, 913 So.2d 614, 615 (Fla. 3d DCA 2005), we conclude that relief is appropriate “based on the fact that the trial court disbursed foreclosure surplus funds without first determining priorities and amounts due junior lienholders.” Had then — counsel for Aristo simply informed the trial court that its motion contained an error, or that Wells Fargo’s motion claiming the proceeds and lien superiority was then pending, the veteran trial judge certainly would have considered Aristo’s claim in a different light. At the risk of viewing professional courtesy through rose-colored glasses, we can also recall a day when counsel appearing without opposition for a hearing on an obviously-contested matter — one in which the contending pleadings each sought priority to a six-figure sum of money — would first place a telephone call to opposing counsel to confirm that some personal emergency or postal glitch had not occurred.
Under these unique (and, hopefully, nonrecurring) facts, the motion to vacate was well taken and should have been granted. We reverse the order denying relief under Florida Rule of Civil Procedure 1.540. We remand the case to the circuit court (1) to vacate the order directing disbursement of the surplus proceeds to Aristo’s then-counsel’s trust account; and (2) to consider and determine (a) the respective priorities and extent of each party’s claim to the surplus proceeds under Golindano, and (b) Wells Fargo’s claim to disgorgement by Aristo, should Aristo fail to prove its allegations below.
Reversed and remanded for further proceedings consistent with this opinion.

. Arista's motion and notice of hearing were signed by an attorney and firm other than its appellate counsel here.

. The motion sought to vacate the order distributing surplus funds to Aristo under "Rule 1.440 of the Florida Rules of Civil Procedure,” though the body of the motion plainly seeks relief under Florida Rule of Civil Procedure 1.540. Rule 1.440, "Setting Action for Trial,” was not applicable to the post-sale process, and the motion itself makes no reference to trial.