CRENSHAW, Judge.
At issue in this appeal is the circuit court’s determination of Gulf Atlantic Office Properties, Inc.’s (Gulf Atlantic) entitlement to a tax refund. Because the trial court did not err in granting summary judgment on the issue of Gulf Atlantic’s lack of entitlement to the refund, we affirm.

Background

Gulf Atlantic worked on a redevelopment project in the City of St. Petersburg to construct a condominium building. The project was in an area that had, until 2005, been in an “enterprise zone” (EZ). See § 290.0055, Fla. Stat. (1999), repealed by Ch. 94-136, § 37, at 817, Laws of Fla. (“Sections 290.001-290.015 shall stand repealed on December 31, 2005.”). The enterprise zone statute allowed for building developers in such zones to be refunded the taxes paid on building materials purchased for those buildings. See § 212.08(5)(g), Fla. Stat. (1999). Gulf Atlantic filed for such a refund and the Florida Department of Revenue (Department) denied the refund as untimely because the materials were purchased after the statute’s sunset in 2005. See id. at subsec. (9). Gulf Atlantic brought this action to recoup the taxes it had paid; the Department moved for summary judgment arguing as a matter of law that Gulf Atlantic could not recover. Although the legislature reenacted the EZ statute, when the City redrew the EZ, it did not include Gulf Atlantic’s property.

Discussion

It is undisputed that Gulf Atlantic can only recoup taxes it has already paid and that it only seeks a refund. Section 212.08(5)(g) states:
(5) EXEMPTIONS; ACCOUNT OF USE.—
[[Image here]]
(g) Building materials used in the rehabilitation of real property located in an enterprise zone.—
1. ... [BJuilding materials used in
the rehabilitation of real property located in an enterprise zone shall be exempt from the tax imposed by this chapter upon an affirmative showing to the satisfaction of the department that the items have been used for the rehabilitation of real property located in an enterprise zone. Except as provided in subpara-graph 2., this exemption inures to the owner, lessee, or lessor of the rehabilitated real property located in an enterprise zone only through a refund of previously paid taxes....
[[Image here]]
9. The provisions of this paragraph shall expire and be void on December 31, 2005.[1]
(Emphases and footnote added.) The parties do not dispute that the statute only allows for such refunds in EZs, as defined by the Florida Enterprise Zone Act, §§ 290.001-.016, Fla. Stat. (1999), which remains substantively unchanged since its *539 reenactment in 2005. See Ch. 05-287, § 11, at 2858, Laws of Fla. (amending § 290.016 to extend sunset date). Nor do the parties contest that the property was in an EZ when the property was purchased but that it was not when the building materials were purchased or the refund application filed.
Based on longstanding principles of judicial review, we conclude that Gulf Atlantic is ineligible for the tax refund it seeks. “Statutory and constitutional construction are questions of law subject to a de novo review.” W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla.2012) (citing Zingale v. Powell, 885 So.2d 277, 280 (Fla.2004)).
It is well settled that legislative intent is the polestar that guides a court’s statutory construction analysis. In determining that intent, we have explained that we look first to the statute’s plain meaning. Normally, [w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.
Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005) (internal citations and quotation marks omitted). In this case, the language is clear: building materials are only tax-refundable when used in construction of buildings located in an EZ. Simply put, at the time the building materials were used — the language of the statute— the building was not in an EZ. See also § 290.012, Fla. Stat. (2005) (“Any enterprise zone having an effective date on or before January 1, 2005, shall continue to exist until December 31, 2005, and shall cease to exist on that date.”). Therefore, the taxes paid were not refundable and the court did not err in so concluding.
While we recognize Gulf Atlantic as making a vested rights argument, we note that it has no vested rights as to its claim against the Department in this case because Gulf Atlantic commenced the project prior to the statute’s sunset.
A vested right has been defined as an immediate, fixed right of present or future enjoyment and also as an immediate right of present enjoyment, or a present, fixed right of future enjoyment. [T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand.
R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc., 869 So.2d 1210, 1218 (Fla. 2d DCA 2004) (alteration in original) (citations and internal quotation marks omitted). Perhaps if the statute provided for a pecuniary benefit for planning a building in an EZ, a vested right to such a benefit would have accrued on these facts. But the fact of the matter is that the right only vests upon the use of building materials in an EZ. And this was not a case where Gulf Atlantic was deprived of notice of a statute impacting any rights it may have. Rather, at all times relevant to this ease, both the EZ statute and the related tax-reimbursement statute had sunset dates included. Because Gulf Atlantic was on notice that the EZ statute would sunset, any vested rights claim must fail. See id. at 1217-18.
Because Gulf Atlantic did not use building materials in an EZ within the meaning of the statute, we affirm the final summary judgment.
Affirmed.
VILLANTI and KHOUZAM, JJ., Concur.

. Even now the statute calls for its sunset: "9. This paragraph expires on the date specified in s. 290.016 for the expiration of the Florida Enterprise Zone Act.” § 212.08(5)(g)(9), Fla. Stat. (2013).