CASANUEYA, Judge.
W. Robert and Lura B. Mathews appeal an order awarding Branch Banking and Trust Co. (BB & T) surplus funds from the foreclosure sale of their home. The trial court found that BB & T was entitled to the entire surplus amount to satisfy a second mortgage interest in the property. We conclude that the trial court erred in awarding BB & T the surplus funds because it failed to file a claim with the clerk of the court within sixty days after the foreclosure sale as required by section 45.031(7)(b), Florida Statutes (2010).

Trial Court Proceedings

A foreclosure action was initiated by U.S. Bank National Association (U.S. Bank) against the Mathewses after they defaulted on their loan. US Bank named Colonial Bank, N.A., as a defendant in that action due to its second mortgage on the property. BB & T, as successor in interest to Colonial Bank, filed an answer and an affirmative defense alleging that “BB & T is entitled to receive the proceeds from the sale of the encumbered real property, in light of the mortgage in BB & T’s favor, in accordance with its priority in recording.”
A final judgment of mortgage foreclosure was entered in favor of U.S. Bank along with a notice of foreclosure sale. After the sale of the property, the clerk paid U.S. Bank the full amount of the judgment entered against the Mathewses and retained $124,369.43 in surplus funds.[1] Approximately seven months after the foreclosure sale and disbursement of funds as required by the final judgment, the Mathewses filed a claim for the foreclosure surplus funds. Over three months later, BB & T filed its claim for the foreclosure surplus.[2] In its order, the trial court ruled that BB & T was entitled to all of the foreclosure sale surplus funds remaining in the court registry.

Chapter k5, Florida Statutes (2010)

After property is sold in a foreclosure sale, the clerk of court is required to file a certificate of title, distribute the proceeds of the sale as directed by the final judgment, and issue a certificate of disbursements. § 45.031(5), (7), Fla. Stat. (2010). After the clerk of court issues a certificate of disbursements, the clerk must hold any surplus funds for sixty days pending an order from the trial court. § 45.032(3). If the owner of the property claims a right to the surplus during this time period and there is no subordinate lienholder, the trial court must order the clerk to pay the surplus to the owner after the deduction of service charges. § 45.032(3)(a).
Section 45.031(7)(b) provides that the clerk’s certificate of disbursements must include the following language:
IF YOU ARE A PERSON CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS. AFTER 60 DAYS, ONLY THE OWNER OF RECORD AS OF THE DATE OF THE LIS PENDENS MAY CLAIM THE SURPLUS.
*500 The certifícate of disbursements filed in this case contains the above mandatory language.
In its order, the trial court acknowledged that a subordinate lienholder claiming a right to surplus funds was required to file its claim with the clerk within sixty days of the sale of the property. However, the trial court ruled that BB & T had asserted its claim to any surplus funds in its answer and affirmative defense to U.S. Bank’s complaint, which was filed approximately two years before the foreclosure sale took place. We conclude that the trial court erred in interpreting the mandatory claim provisions in chapter 45 to mean that an answer and affirmative defense filed in a civil lawsuit satisfied the requirement that the party file a claim with the clerk after the sale of the property.

Standard of Review

The interpretation of a statute is a question of law, and it is therefore subject to a de novo review. W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla.2012).
As this court has recently noted:
“It is well settled that legislative intent is the polestar that guides a court’s statutory construction analysis. In determining that intent, we have explained that we look first to the statute’s plain meaning. Normally, [w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.”
Gulf Atl. Office Props., Inc. v. Dep’t of Revenue, 133 So.3d 537, 539 (Fla. 2d DCA 2014) (alteration in original) (quoting Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005)).

Discussion

The language of section 45.031(7)(b) is clear and unambiguous in requiring that any person claiming a right to the surplus funds “MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.” (Emphasis added.) The statute also specifically warns that if a subordinate lien-holder fails to file a claim, they “WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.” Id. Therefore, BB & T was required to file a claim with the clerk within sixty days after the sale of the property to preserve any claim it may have had to the surplus funds, and the previous pleadings BB & T filed in the suit involving U.S. Bank did not satisfy this requirement.[3]
*501 In interpreting the mandatory claim requirement in section 45.031(7)(b), the trial court relied on a case from this court, Citibank v. PNC Mortg. Corp. of Am., 718 So.2d 300 (Fla. 2d DCA 1998). We conclude that the trial court’s reliance on Citibank was improper. When Citibank was issued in 1998, chapter 45, Florida Statutes (1997), did not contain the statutory language providing for a sixty-day time limit to file a claim. This requirement was added to sections 45.031 and 45.032 in 2006. Ch. 06-175, § 1, at 1, Laws of Fla.

Conclusion

Because BB & T did not file a claim within sixty days of the sale of the home, it was not entitled to the surplus funds from the foreclosure sale. We reverse the trial court order holding otherwise and remand for proceedings consistent with this opinion.
Reversed and remanded.
DAVIS, C.J., and NORTHCUTT, J., concur.

. BB & T purchased the property.

. The hearing on the Mathewses’ claim for surplus funds was set for Monday, July 8, 2013, at 9:45 a.m., and BB & T filed its claim at 4:42 p.m. on the preceding Friday, July 5, 2013.

. We note that although the statutory language is clear and unambiguous and there is no need to resort to the rules of statutory construction, the above interpretation of section 45.031 is supported by its legislative history. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 367 (Fla.2013) ("In instances of an ambiguity in statutory language, we may resort to the rules of statutory construction, which permit us to examine the legislative history to aid in our determination regarding legislative intent.”). The House of Representatives Staff Analysis summary states:
The bill requires the clerk to furnish a copy of the final judgment to every party in the action or to their attorney of record. The final judgment shall provide certain language including a notice of potential surplus, a statement indicating that a subordinate lienholder must file a claim for surplus funds no later than 60 days after the sale ....
Fla. H.R. Comm, on Just., HB 65 (2006) Staff Analysis 3 (Apr. 20, 2006) (on file with comm.).
The legislature clearly intended that every party in a foreclosure action be notified that a subordinate lienholder must file a claim for surplus funds no later than sixty days following the foreclosure sale, irrespective of any demand for such in the party's prior pleadings.