NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CORNELIUS J. DEVER and )
ASSUNTA A. DEVER, )
)
      Appellants, )
)
v. )      Case No. 2D13-5830
)
WELLS FARGO BANK )
NATIONAL ASSOCIATION, AS )
SUCCESSOR BY MERGER TO )
WACHOVIA BANK NATIONAL )
ASSOCIATION; FIFTH THIRD )
MORTGAGE COMPANY; and RBC )
BANK (USA), )
)
      Appellees. )
_____)

Opinion filed August 27, 2014.

Appeal from the Circuit Court for Lee
County; Sherra Winesett, Judge.

Richard E. Stadler of Darby Peele Crapps
Green & Stadler, LLP, Lake City, for
Appellants.

Todd A. Armbruster of Moskowitz, Mandell,
Salim & Simowitz, P.A., Fort Lauderdale,
for Appellee Wells Fargo Bank National
Association, as Successor by Merger to
Wachovia Bank National Association.

No appearance for remaining Appellees.

KHOUZAM, Judge.

This appeal arises from a dispute over the disbursement of surplus proceeds from a foreclosure sale. Cornelius and Assunta Dever (the record property owners) as well as Wells Fargo Bank (the holder of an unsatisfied mortgage) claimed that they were entitled to the surplus proceeds. The circuit court ordered the surplus to be disbursed to Wells Fargo, and the Devers appealed. We reverse and remand for the circuit court to order the surplus disbursed to the Devers.

Fifth Third Mortgage Company filed a foreclosure suit against the Devers in April 2011. In the complaint, Fifth Third asserted that Wells Fargo was a junior lienholder. Wells Fargo filed an answer, admitting that it was a junior lienholder and stating that it would be entitled to any and all surplus funds generated by a foreclosure sale in this case up to the full amount of indebtedness. The Devers owed Wells Fargo $134,578.17.

A default judgment was entered against the Devers on March 23, 2012. The final judgment of foreclosure included the following language, as required by section 45.031(1), Florida Statutes (2011):

> IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.
>
> IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM
THESE FUNDS YOURSELF.

A foreclosure sale was held on April 25, 2012, and resulted in a surplus of $85,899.06, which was placed in the court registry. The certificate of disbursements was filed on May 8, 2012, and included the following language as required by section 45.031(7)(b):

> If you are a person claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. After 60 days, only the owner of record as of the date of the lis pendens may claim the surplus.

No claims to the surplus were filed during this sixty-day period.

In November 2012, the Devers filed a motion to disburse surplus sale proceeds. In the motion, the Devers acknowledged that Wells Fargo, as a subordinate lienholder, may at one point have had a claim to the surplus funds. But the Devers argued that Wells Fargo was barred from claiming the surplus because it had failed to file a claim for the funds within the sixty days following the sale. Wells Fargo responded in March 2013 by filing its own motion to disburse surplus funds and memorandum of law opposing the Devers' motion. Relying on Citibank v. PNC Mortgage Corp. of America, 718 So. 2d 300 (Fla. 2d DCA 1998), Wells Fargo argued that it had timely raised a claim to the surplus in its answer. The circuit court granted Wells Fargo's motion, denied the Devers' motion, and ordered the funds to be disbursed to Wells Fargo.

We hold that the circuit court erred in ordering the funds to be disbursed to Wells Fargo. Wells Fargo is barred from claiming any interest in the surplus funds

- 3 -

because it failed to file a claim for the surplus within the sixty days after the sale. This court recently addressed this exact issue in Mathews v. Branch Banking & Trust Co., 139 So. 3d 498 (Fla. 2d DCA 2014). In Mathews, this court held that the language in section 45.031(7)(b) is clear and unambiguous: any person claiming a right to the surplus funds must file a claim with the clerk no later than sixty days after the sale. And section 45.031(1)(a) specifically warns that if a subordinate lienholder fails to file a claim, it will not be entitled to any remaining funds. Subsection (7)(b) reiterates this requirement. Further, section 45.032(2) establishes a rebuttable presumption that the owner of record is entitled to the surplus after any subordinate lienholders who timely filed claims have been paid. Accordingly, we must reverse and remand for the circuit court to order the surplus disbursed to the Devers.

We also note that Citibank, on which both Wells Fargo and the circuit court relied, does not apply here. In Mathews, this court specifically held that the circuit court's reliance on Citibank was misplaced because it was decided before chapter 45 was amended to include the sixty-day time limit to file a claim for surplus funds. 139 So. 3d at 501. The time limit was not added until 2006 and did not take effect until July of that year. Ch. 06-175, §§ 1-2, at 1810-17, Laws of Fla. We similarly conclude that U.S. v. Sneed, 620 So. 2d 1093 (Fla. 1st DCA 1993); JP Morgan Chase Bank v. U.S. Bank National Ass'n, 929 So. 2d 651 (Fla. 4th DCA 2006); and other cases that were decided before the effective date of the amendment are inapplicable here for the same reason.

We disagree with Wells Fargo's argument that the language found in section 45.032(3)(b) undermines the clear language in section 45.031(7)(b). Section 45.032(3)(b) provides in relevant part:

- 4 -

> If any person other than the owner of record claims an interest in the proceeds during the 60-day period <u>or</u> if the owner of record files a claim for the surplus but acknowledges that one or more other persons may be entitled to part or all of the surplus, the court shall set an evidentiary hearing to determine entitlement to the surplus.

(emphasis added). Wells Fargo argues that this section sets up two possible scenarios where a hearing would be needed—one where a claim has been filed within the sixty-day period and another where the owner has acknowledged at any time that there is a subordinate lienholder that may be entitled to funds. But Wells Fargo has taken this statutory language out of context.

Section 45.031 sets out the procedure for judicial sales and establishes the sixty-day deadline for claims to any surplus, <u>see</u> §§ 45.031(1)(a), (2)(f), (7)(b). Section 45.032 then provides the procedure for the disbursement of surplus funds after a judicial sale and establishes "a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have <u>timely</u> filed a claim," <u>see</u> § 45.032(2) (emphasis added). Section 45.032(3) provides that the clerk shall hold the surplus for sixty days after the certificate of disbursements is issued, pending a court order. If the owner claims the surplus during the sixty-day period, the owner should acknowledge if there are any subordinate lienholders who may have a right to the funds. § 45.032(3)(a). So section 45.032(3)(b), read in the context of the surrounding statutory sections, clearly indicates that a hearing must be held where any subordinate lienholders have been brought to the clerk's attention <u>during the sixty-day period</u>—either where the subordinate lienholder files its own claim or the owner files a claim but acknowledges the existence of the subordinate lienholder. Thus, section 45.032,

considered in its entirety and read in conjunction with section 45.031, undoubtedly contemplates that all claims to the surplus be filed within the sixty days following the sale and that if no claims are filed during that period the owner is presumed to be entitled to the surplus.

Reversed and remanded with directions.

WALLACE, J., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.