DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARCY L. SAULNIER** and **MICHAEL F. SAULNIER,**
Appellants,

v.

**BANK OF AMERICA, N.A.,**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
**SPACE COAST CREDIT UNION,** and **CITY OF TAMARAC,**
Appellees.

No. 4D13-4815

[May 27, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE12032359.

Michael Farrar, Doral, for appellants.

Alexis S. Read and Moises T. Grayson of Blaxberg, Grayson & Kukoff, P.A., Miami, for appellee Space Coast Credit Union.

*ON APPELLANTS' MOTION FOR CLARIFICATION*

GERBER, J.

We grant the appellant homeowners' motion for clarification of our March 25, 2015 opinion. Our opinion's last sentence stated: "We remand for the circuit court to enter an order directing the clerk to disburse the remaining surplus to the homeowners." The homeowners' motion for clarification has notified us that the clerk already had disbursed the remaining surplus to the subordinate lienholder. Therefore, the homeowners request us to clarify the opinion by remanding for the circuit court to enter an order directing the subordinate lienholder to disgorge the remaining surplus. In response, the subordinate lienholder appropriately has notified us that it has agreed to disgorge the remaining surplus directly to the homeowners in accordance with our opinion. Given that response, however, the subordinate lienholder argues it is unnecessary for us to clarify our opinion by mandating such disgorgement. We disagree. Such a clarification more accurately reflects the case's procedural posture. Thus, we modify our March 25, 2015 opinion accordingly, as shown below.

The homeowners appeal from the circuit court's order directing the clerk of court to disburse the surplus from a foreclosure sale to the subordinate lienholder. The homeowners argue that because the subordinate lienholder untimely filed its claim to the surplus, the court erred in ordering disbursement to the subordinate lienholder. We agree with the homeowners and reverse for entry of an order directing the clerk to disburse the surplus to the homeowners.

The primary lienholder filed a complaint to foreclose its mortgage on the home. The court entered a default against both the homeowners and the subordinate lienholder.

The court later entered a final judgment of foreclosure in the primary lienholder's favor. The final judgment set a foreclosure sale and contained the following statement in conspicuous type as required by section 45.031(1)(a), Florida Statutes (2012):

> IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK *NO LATER THAN 60 DAYS AFTER THE SALE.* IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

§ 45.031(1)(a), Fla. Stat. (2012) (emphasis added). The final judgment facially indicated that a copy was furnished to the subordinate lienholder at the address upon which it was served with process.

After the sale was rescheduled, the clerk published a re-notice of sale containing the following statement in conspicuous type as required by section 45.032(2)(f), Florida Statutes (2012):

> ANY PERSON CLAIMING AN INTEREST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS MUST FILE A CLAIM *WITHIN 60 DAYS AFTER THE SALE.*

§ 45.031(2)(f), Fla. Stat. (2012) (emphasis added).

At the foreclosure sale, a third party purchased the property for an amount which exceeded the final judgment amount. The clerk thereafter posted on its docket a certificate of disbursements stating it had retained the surplus. The certificate of disbursements also contained the following statement as required by section 45.031(7)(b), Florida Statutes (2012):

2

> If you are a person claiming a right to funds remaining after the sale, you must file a claim with the clerk *no later than 60 days after the sale.* If you fail to file a claim, you will not be entitled to any remaining funds. After 60 days, only the owner of record as of the date of the Lis Pendens may claim the surplus.

§ 45.031(7)(b), Fla. Stat. (2012) (emphasis added).

More than sixty days after the foreclosure sale, the homeowners filed a claim to the surplus. In the claim, the homeowners alleged in pertinent part: "All lienholders with valid *and timely* claims for the surplus have been paid. The [homeowners] have priority in the distribution of the surplus pursuant to § 45.032(2), Fla. Stat." (emphasis added). Section 45.032(2), Florida Statutes (2012), states:

> There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus after payment of subordinate lienholders *who have timely filed a claim.*

§ 45.032(2), Fla. Stat. (2012) (emphasis added).

Shortly thereafter, the subordinate lienholder filed its claim to the surplus. In its claim, the subordinate lienholder, in an apparent acknowledgment of section 45.031's sixty-day filing period, stated: "[N]either the Final Judgment nor Certificate of Disbursements . . . were provided to [the subordinate lienholder]; therefore, [the subordinate lienholder] never had notice of Fla. Stat. § 45.031 or an opportunity to timely file a claim." The subordinate lienholder also argued that the homeowners "should not be permitted an inequitable windfall simply because [the subordinate lienholder] missed the 60-day deadline by a few weeks."

In response, the homeowners argued that the subordinate lienholder failed to file a timely claim under sections 45.031(1)(a) and 45.032(2)(f) as quoted above, and that no extension of time is permitted. The homeowners also argued that the subordinate lienholder's claim of lack of notice was irrelevant because the recorded final judgment and re-notice of sale provided constructive notice to the subordinate lienholder of its rights and obligation to file a timely claim. The homeowners lastly argued that the subordinate lienholder's appeal to equity lacked merit because "equity

follows the law and cannot be used to eliminate its established rules." *Davis v. Starling*, 799 So. 2d 373, 378 (Fla. 4th DCA 2001).

After a hearing, the court entered a written order directing the clerk to disburse the remaining surplus to the subordinate lienholder, finding "good cause for [the subordinate lienholder's] claim filed after the sixty (60) day period."[1]

This appeal followed. The homeowners argue that because the subordinate lienholder untimely filed its claim to the surplus, the court erred in ordering disbursement to the subordinate lienholder. Our review is de novo. *See Mathews v. Branch Banking & Trust Co.*, 139 So. 3d 498, 500 (Fla. 2d DCA 2014) ("The interpretation of a statute is a question of law, and it is therefore subject to a de novo review.") (citation omitted).

We agree with the homeowners' argument. Section 45.031(1)(a)'s plain language quoted above requires that a subordinate lienholder claiming a right to surplus to file a claim no later than (or within) 60 days after the sale, and warns that if the subordinate lienholder fails to file a timely claim, then the subordinate lienholder will not be entitled to any surplus. Further, section 45.032(2)'s plain language quoted above establishes a rebuttable legal presumption that the owner is entitled to surplus after payment of subordinate lienholders *who have timely filed a claim.*

Here, it is undisputed that the subordinate lienholder did not timely file its claim. Thus, according to section 45.031(1)(a)'s and section 45.032(2)'s plain language, the homeowners, and not the subordinate lienholder, are entitled to the surplus. *See Dever v. Wells Fargo Bank Nat'l Ass'n*, 147 So. 3d 1045, 1047-48 (Fla. 2d DCA 2014) (trial court erred in disbursing surplus to subordinate lienholder which failed to file a claim for the surplus within sixty days after the sale); *Mathews*, 139 So. 3d at 500-01 (same).

In its answer brief, the subordinate lienholder seeks affirmance of the circuit court's order based on three arguments: (1) sections 45.031 and 45.032 cannot be interpreted as imposing a sixty-day bar for subordinate lienholders' claims to the surplus, pursuant to *DeMario v. Franklin Mortgage & Investment Co.*, 648 So. 2d 210 (Fla. 4th DCA 1994); (2) the subordinate lienholder's untimely claim should be excused because it did not receive a copy of the final judgment or certificate of disbursements;

---

[1] The sentence above refers to the "remaining surplus" because the parties agreed to disburse a portion of the surplus to the City of Tamarac, another subordinate lienholder. That disbursement is not affected by this opinion.

and (3) the homeowners' claim did not acknowledge that the subordinate lienholder may have a claim to the surplus, and if the homeowners' claim had acknowledged such a claim, then the court would have held an evidentiary hearing on the entitlement to the surplus. *See* § 45.032(3)(b), Fla. Stat. (2012) (requiring an evidentiary hearing to determine entitlement to the surplus "[i]f any person other than the owner of record claims an interest in the proceeds during the 60-day period *or if the owner of record files a claim for the surplus but acknowledges that one or more other persons may be entitled to part or all of the surplus . . . .*") (emphasis added).

The subordinate lienholder's first argument – that sections 45.031 and 45.032 cannot be interpreted as imposing a sixty-day bar for subordinate lienholders' claims to the surplus, pursuant to *DeMario v. Franklin Mortgage & Investment Co.*, 648 So. 2d 210 (Fla. 4th DCA 1994) – lacks merit because *DeMario* is distinguishable.

In *DeMario*, the clerk of court, pursuant to Florida Administrative Code Rule 12D–13.065, issued the following written notice regarding surplus funds from a tax deed sale:

> In order to be considered for distribution of these funds, you must submit a notarized statement of claim to this office . . . within 90 days of the date of this notice.

*Id.* at 213. A lienholder otherwise entitled to the surplus filed its claim to the surplus ninety-one days after the sale. Because the lienholder's claim was untimely, the circuit court awarded the surplus to the last title holder.

We reversed for two reasons. First, we held that the rule, read as a whole, did not require the clerk to pay the surplus to only those claims filed within ninety days from the date of the notice; instead, we held that the clear import of the rule was for the clerk to assemble all interested parties before the court so that the funds may be distributed according to the legal priorities of the claims. *Id.* Second, we held that the only statutory limit for making claim to the surplus was the two-year bar found in section 197.582, Florida Statutes, and because an administrative agency may not enlarge, modify, or contravene the provisions of a statute, the ninety-day requirement of the rule must be read as directory and not mandatory. *Id.*

*DeMario* is distinguishable from the instant case for two reasons. First, unlike the rule at issue in *DeMario*, sections 45.031(1)(a) and 45.031(7)(b)'s plain language require the clerk to pay the surplus to only those claims filed within sixty days of the sale. *See* § 45.031(1)(a), Fla. Stat. (2012) ("IF

YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS."); § 45.031(7)(b), Fla. Stat. (2012) ("If you fail to file a claim, you will not be entitled to any remaining funds. After 60 days, only the owner of record as of the date of the Lis Pendens may claim the surplus."). Second, unlike the conflict between the rule and the statute in *DeMario*, no such conflict exists between a rule and a statute in the instant case. The statutes which contain the sixty-day time limit control here.

The subordinate lienholder's second argument – that its untimely claim should be excused because it did not receive a copy of the final judgment or certificate of disbursements – lacks merit for three reasons. First, sections 45.031 and 45.032 do not contain any provision permitting a court to excuse a subordinate lienholder's untimely claim on the ground that it did not receive actual notice. Second, the final judgment facially indicates that a copy thereof was sent to the subordinate lienholder, and the record contains no evidence indicating that the subordinate lienholder did not receive such notice. Third, even if we assume that the subordinate lienholder did not receive actual notice, the record indicates that the clerk published the final judgment and posted the certificate of disbursements on its docket. Therefore, the subordinate lienholder received at least constructive notice that it had to file a claim to the surplus no later than (or within) sixty days after the sale, and that if it failed to file a timely claim, then it would not be entitled to any surplus. *See Bakalarz v. Luskin*, 560 So. 2d 283, 286 (Fla. 4th DCA 1990) ("Florida Statutes Section 695.11 provides that an instrument is deemed to be recorded from the time of filing. Once recorded there is constructive notice of its contents.").

The subordinate lienholder's third argument – that the homeowners' claim did not acknowledge the subordinate lienholder's claim to the surplus – also lacks merit. Even if the homeowners' claim filed after the sixty-day period acknowledged that the subordinate lienholder may have had a claim to the surplus, the subordinate lienholder would not be entitled to recover on its claim because it also filed its claim after the sixty-day period. Thus, an evidentiary hearing was not required. *See Dever*, 147 So. 2d at 1048 ("[S]ection 45.032(3)(b), read in the context of the surrounding statutory sections, clearly indicates that a hearing must be held where any subordinate lienholders have been brought to the clerk's attention *during the sixty-day period* – either where the subordinate lienholder files its own claim or the owner files a claim but acknowledges the existence of the subordinate lienholder.").

Based on the foregoing, we reverse the circuit court's order directing the clerk to disburse the remaining surplus from the foreclosure sale to the subordinate lienholder. While we recognize the subordinate

lienholder's argument before the circuit court that the homeowners "should not be permitted an inequitable windfall simply because [the subordinate lienholder] missed the 60-day deadline by a few weeks," we agree with the homeowners that "equity follows the law and cannot be used to eliminate its established rules." *Davis*, 799 So. 2d at 378. We remand for the circuit court to enter an order directing the subordinate lienholder to disgorge the remaining surplus directly to the homeowners, upon which the subordinate lienholder shall file a notice of compliance with that order.

*Reversed and remanded with instructions.*

WARNER and MAY, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***