NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE BANK OF NEW YORK MELLON )
FKA THE BANK OF NEW YORK, as )
successor trustee to JPMorgan Chase )
Bank, N.A., as trustee on behalf of the )
Certificateholders of the CWHEQ, Inc., )
CWHEQ Revolving Home Equity Loan )
Trust, Series 2006-D, )
)
        Appellant, )
)
v. ) Case No. 2D15-5198
)
DIANNE D. GLENVILLE A/K/A DIANE )
D. GLENVILLE A/K/A DIANE )
GLENVILLE and MARK S. GLENVILLE, )
)
        Appellees. )
_____ )

Opinion filed January 20, 2017.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Anthony R. Smith and Kendra J. Taylor
of Sirote & Permutt, P.C., Winter Park;
and Shaun K. Ramey and Matthew R.
Feluren of Sirote & Permutt, P.C.,
Fort Lauderdale, for Appellant.

Sheryl A. Edwards of The Edwards Law
Firm, PL, Sarasota, for Appellees.


SLEET, Judge.

The Bank of New York Mellon appeals the trial court's order denying its claim for surplus funds from a foreclosure sale.[1]  Because the bank's claim was untimely, we affirm.

Under section 45.031(7)(b), Florida Statutes (2015), any person claiming a right to surplus funds must file a claim with the clerk of court within sixty days of the foreclosure sale.  The record reflects that the underlying property was sold at public auction on July 2, 2015, and that the bank filed its claim for surplus funds as a subordinate lienholder on September 2, 2015, sixty-two days after the date the property was sold.  The trial court denied the bank's claim as untimely filed.  On appeal, the bank argues that a foreclosure sale is not complete until the clerk issues the certificate of sale.  Because the certificate of sale in this case was issued on July 6, 2015, the bank claims that it had until September 4, 2015, to file a claim and that therefore its September 2, 2015, filing was timely.  We disagree.

"The interpretation of a statute is a question of law, and it is therefore subject to a de novo review."  Mathews v. Branch Banking & Tr. Co., 139 So. 3d 498, 500 (Fla. 2d DCA 2014) (citing W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012)).  "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious

---

[1]Diane and Mark Glenville were the property owners and defendants in the foreclosure action.  They are entitled to the surplus funds remaining with the clerk more than sixty days after the foreclosure sale pursuant to section 45.031(7)(b), Florida Statutes (2015).

meaning." Gulf Atl. Office Props., Inc. v. Dep't of Revenue, 133 So. 3d 537, 539 (Fla. 2d DCA 2014) (quoting Hess v. Walton, 898 So. 2d 1046, 1049 (Fla. 2d DCA 2005)).

This court has previously explained that "the language in section 45.031(7)(b) is clear and unambiguous: any person claiming a right to the surplus funds must file a claim with the clerk no later than sixty days after the sale." Dever v. Wells Fargo Bank Nat'l Ass'n, 147 So. 3d 1045, 1047 (Fla. 2d DCA 2014); see also Mathews, 139 So. 3d at 500 ("The language of section 45.031(7)(b) is clear and unambiguous in requiring that any person claiming a right to the surplus funds 'MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.' " (emphasis omitted)). This subsection only refers to the "sale," not the "certificate of sale." § 45.031(7)(b). This is significant because section 45.031 assigns particular and distinct meanings to the terms "sale" and "certificate of sale" and does not use them interchangeably. See § 45.031(4) ("After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party . . . ." (emphasis added)); .031(5) ("If no objections to the sale are filed within [ten] days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party." (emphasis added)). Reading subsection (7)(b) to require a claim for surplus funds to be filed within sixty days of the certificate of sale—instead of the actual sale itself—would render subsection (4) meaningless and would confuse the meaning of other subsections of the statute.

Additionally, such a reading would be inconsistent with this court's prior case law interpreting section 45.031(7)(b). In Mathews, this court explained that the bank "was required to file a claim with the clerk within sixty days after the sale of the

property to preserve any claim it may have had to the surplus funds." 139 So. 3d at 500 (emphasis added). Similarly, in <u>Dever</u>, this court used the date the property was sold at auction, not the date the certificate of sale was issued, as the start date for the sixty-day period. 147 So. 3d at 1047. Although using either date would not have changed the fact that the banks' claims were untimely, in both cases this court interpreted the language of the statute to refer to the date of the actual sale, not the issuance of the certificate of sale. See <u>Mathews</u>, 139 So. 3d at 499-500; <u>Dever</u>, 147 So. 3d at 1047.

Accordingly, the bank filed its claim outside the statutory window, and we must affirm the trial court's order denying the claim. In so doing, we note that the two cases on which the bank relies on appeal—<u>In re Jaar</u>, 186 B.R. 148, 154 (Bankr. M.D. Fla. 1995), and <u>Shlishey the Best, Inc. v. CitiFinancial Equity Services, Inc.</u>, 14 So. 3d 1271, 1275 (Fla. 2d DCA 2009)—are inapplicable here because they both concern a mortgagor's right of redemption, which is governed by section 45.0315, not section 45.031.

Affirmed.

LaROSE and BADALAMENTI, JJ., Concur.