BY ORDER OF THE COURT:
Appellant’s motion for rehearing and request for certification are granted to the extent that the prior opinion dated January 20, 2017, is withdrawn, and the attached opinion is issued in its place. The motion for rehearing en banc is denied. No further motions for rehearing will be entertained.
I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.
SLEET, Judge.
The Bank of New York Mellon appeals the trial court’s order denying its claim for surplus funds from a foreclosure sale.[1] Because the bank’s claim was untimely, we affirm.
Under section 45.031(7)(b), Florida Statutes (2015), any person claiming a right to surplus funds must file a claim with the clerk of court within sixty days of the foreclosure sale. The record reflects that the underlying property was sold at public auction on July 2, 2015, and that the bank filed its claim for surplus funds as a subordinate lienholder on September 2, 2015, sixty-two days after the date the property was sold. The trial court denied the bank’s claim as untimely filed. On appeal, the bank argues that a foreclosure sale is not complete until the clerk issues the certificate of sale. Because the certificate of sale in this case was issued on July 6, 2015, the bank claims that it had until September 4, 2015, to file a claim and that therefore its September 2, 2015, filing was timely. We disagree.
“The interpretation of a statute is a question of law, and it is therefore subject to a de novo review.” Mathews v. Branch Banking & Tr. Co., 139 So.3d 498, 500 (Fla. 2d DCA 2014) (citing W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla. 2012)). “[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and *1286 obvious meaning.” Gulf Atl. Office Props., Inc. v. Dep’t of Revenue, 133 So.3d 537, 539 (Fla. 2d DCA 2014) (quoting Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005)).
This court has previously explained that “the language in section 45.031(7)(b) is clear and unambiguous: any person claiming a right to the surplus funds must file a claim with the clerk no later than sixty days after the sale.” Dever v. Wells Fargo Bank Nat’l Ass’n, 147 So.3d 1045, 1047 (Fla. 2d DCA 2014); see also Mathews, 139 So.3d at 500 (“The language of section 45.031(7)(b) is clear and unambiguous in requiring that any person claiming a right to the surplus funds ‘MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.’ ” (emphasis omitted)). This subsection only refers to the “sale,” not the “certificate of sale.” § 45.031(7)(b). This is significant because section 45.031 assigns particular and distinct meanings to the terms “sale” and “certificate of sale” and does not use them interchangeably. See § 45.031(4) (“After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party .... ” (emphasis added)); .031(5) (“If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party.” (emphasis added)). Reading subsection (7)(b) to require a claim for surplus funds to be filed within sixty days of the certificate of sale—instead of the actual sale itself—would render subsection (4) meaningless and would confuse the meaning of other subsections of the statute.
Additionally, such a reading would be inconsistent with this court’s prior case law interpreting section 45.031(7)(b), In Mathews, this court explained that the bank “was required to file a claim with the clerk within sixty days after the sale of the property to preserve any claim it may have had to the surplus funds.” 139 So.3d at 500 (emphasis added). Similarly, in Dever, this court used the date the property was sold at auction, not the date the certificate of sale was issued, as the start date for the sixty-day period. 147 So.3d at 1047. Although using either date would not have changed the fact that the banks’ claims were untimely, in both cases this court interpreted the language of the statute to refer to the date of the actual sale, not the issuance of the certificate of sale. See Mathews, 139 So.3d at 499-500; Dever, 147 So.3d at 1047.
For the first time on rehearing, the bank argues that the date of the sale should be calculated from the date of the issuance of the certificate of title. In support, it cites Straub v. Wells Fargo Bank, N.A., 182 So.3d 878, 881 (Fla. 4th DCA 2016), which was published prior to the filing of the bank’s initial brief. In Straub, the Fourth District held that “[ujnder section 45.01(1)(a), (2)(f), and (7)(b), a foreclosure ‘sale’ takes place when ownership of the property is transferred upon filing of the certificate of title.” The bank waived this argument by failing to raise it in its appellate briefs. See Fla. R. App. P. 9.330(a) (stating that a motion for rehearing shall not include “issues not previously raised in the proceeding”); see also Teitelbaum, v. S. Fla. Water Mgmt. Dist., 176 So.3d 998, 1005 n.3 (Fla. 3d DCA 2015) (holding that an argument raised for the first time in a motion for rehearing was waived), review denied, SC15-1994, 2016 WL 1065552 (Fla. Mar. 16, 2016); Tillery v. Fla. Dep’t of Juvenile Justice, 104 So.3d 1253, 1255 (Fla. 1st DCA 2013) (“[A]n argument not raised in an initial brief is waived.”); Philip Morris USA, Inc. v. Naugle, 103 So.3d 944, 949 (Fla. 4th DCA 2012) (“It is a rather fundamental principle of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for *1287 rehearing.” (quoting Ayer v. Bush, 775 So.2d 368, 370 (Fla. 4th DCA 2000))).
However, we recognize that our holding in this opinion conflicts with the Fourth District’s holding in Straub. Therefore we must certify conflict. And we note that construing the term “sale” to refer to the issuance of the certificate of title confuses the meaning of several subsections of section 45.031. See, e.g., § 45.031(l)(a) (requiring the trial court to “direct the clerk to sell the property at a public sale” and stating that “[a] sale may be held more than 35 days after the date of final judgment”); .031(2) (requiring publication of a “[njotice of sale” that “shall contain ... [t]he time and place of sale”); .031(3) (stating that “[t]he sale shall be conducted at public auction” and requiring the highest bidder to post a deposit “[a]t the time of the sale”); .031(5) (requiring the clerk to file a certificate of title “[i]f no objections to the sale are filed within 10 days after filing the certificate of sale”); .031(6) (“When the certificate of title is filed the sale shall stand confirmed.” (emphasis added)).
Because the bank filed its claim outside the statutory window, we must affirm the trial court’s order denying the claim. In so doing, we note that the two cases on which the bank relies on appeal—In re Jaar, 186 B.R. 148, 154 (Bankr. M.D. Fla. 1995), and Shlishey the Best, Inc. v. CitiFinancial Equity Services, Inc., 14 So.3d 1271, 1275 (Fla. 2d DCA 2009)—are inapplicable here because they both concern a mortgagor’s right of redemption, which is governed by section 45.0315, not section 45.031.
Affirmed, conflict certified.
LaROSE and BADALAMENTI, JJ., Concur.

. Diane and Mark Glenville were the property owners and defendants in the foreclosure action. They are entitled to the surplus funds remaining with the clerk more than sixty days after the foreclosure sale pursuant to section 45.031(7)(b), Florida Statutes (2015).