# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0784
Lower Tribunal No. 2012-50246 CA-01
_____

**Marsdreamland LP,**
Appellant/Cross-Appellee,

vs.

**MTGLQ Investors, L.P., et al.,**
Appellees/Cross-Appellant.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

The Law Office of Niles B. Whitten, PLLC and Niles B. Whitten (Gainesville), for appellant/cross-appellee.

Paige Law Group, P.A. and Robert E. Paige, for appellee/cross-appellant Catalina Homeowners Association, Inc.

Before LOGUE, C.J., and SCALES and GORDO, JJ.

GORDO, J.

Marsdreamland, LP ("Marsdreamland") appeals a non-final order on competing motions for surplus foreclosure sale proceeds. Catalina Homeowners Association, Inc. ("Catalina") cross-appeals. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(ii). We affirm in part and reverse in part.

"Because this case presents a pure question of law concerning interpretation of 'the statutory scheme for the disbursement of surplus funds, we review the trial court's order de novo.'" Goetz v. AGB Tampa LLC, 335 So. 3d 228, 230-31 (Fla. 2d DCA 2022) (quoting Corey v. Unknown heirs by Neuffer, 301 So. 3d 380, 383 (Fla. 2d DCA 2020)).

On appeal, both parties challenge the trial court's denial of their respective motions for surplus funds. Because Marsdreamland was not the "owner of record" when the lis pendens was filed, we affirm that portion of the trial court's order which denied Marsdreamland's request for surplus funds. See § 45.032(2), Fla. Stat. ("There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim."); § 45.032(1)(a), Fla. Stat. (providing that the "owner of record" is the "person or persons who appear to be owners of the property that is the subject of the foreclosure proceeding

2

on the date of the filing of the lis pendens"); <u>Pineda v. Wells Fargo Bank, N.A.</u>, 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014) ("The statute is clear: the owner of record at the time of the recording of the lis pendens is entitled to any surplus proceeds. The Notice of Lis Pendens, recorded September 9, 2009, reflects the Pinedas owned the subject property. Nocari was neither an 'owner of record,' an assignee of an owner, nor 'subordinate lienholder,' . . . and thus was not entitled to any surplus funds.") (footnote and citations omitted).

We reverse, however, that portion of the order denying Catalina's request. As the only subordinate lienholder who had filed a claim, Catalina is clearly entitled to the surplus funds. <u>See</u> § 45.032(2), Fla. Stat. (The statute establishes a "rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim"); § 45.032(1)(b), Fla. Stat. (defining a "subordinate lienholder" as "the holder of a subordinate lien" which includes "a subordinate mortgage, judgment, tax warrant, assessment lien, or construction lien"); <u>Gen. Bank, F.S.B. v. Westbrooke Pointe, Inc.</u>, 548 So. 2d 736, 736 (Fla. 3d DCA 1989) ("It has long been the law in Florida that any surplus remaining after a foreclosure sale should be paid to the junior lienholders in accordance with the priority

3

of their liens on the property and that only after the liens have been satisfied may any surplus be disbursed to the owner of the equity of redemption."); Golindano v. Wells Fargo Bank, 913 So. 2d 614, 615 (Fla. 3d DCA 2005) ("A junior mortgage lienholder has priority over the property holder for foreclosure surplus funds."); Pineda, 143 So. 3d at 1011 ("[D]istribution of surplus foreclosure proceeds is governed by a plain and unambiguous statutory procedure . . . . Where the legislature has provided such a process, courts are not free to deviate from that process absent express authority."). Accordingly, we reverse the order on appeal to the extent it denied Catalina's motion for surplus funds and remand for the court to order the surplus funds disbursed to Catalina.

Affirmed in part; reversed in part and remanded with instructions.